In re Linda Sue WERNER, an
incapacitated and disabled
person, Appellant,

v.

Charles WRIGHT, Public Administrator
of Platte County, Missouri,
Respondent.

No. WD 38592.

Missouri Court of Appeals,
Western District.

Oct. 6, 1987.

Sandra P. Ferguson, Ferguson and Ferguson, P.C., North Kansas City, for appellant.

John R. Shank, Gunn, Hall, Jones, Hankins, Shank and Harman, P.C., Kansas City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

This appeal is from the order of the circuit court of Platte County, probate division, which approved the final settlement of respondent as guardian of the person and conservator of the estate of appellant an incapacitated person, and which inferentially overruled appellant's objections to the settlement. The question presented is whether the court may, after appointing a guardian, establish a conservatorship in a subsequent order without notice to the incapacitated person and without a hearing. We conclude it may not and therefore reverse the order approving the settlement.

This guardianship was instituted on petition filed by Geraldine Werner, mother of appellant, Linda S. Werner. It was alleged in the petition that Linda, then aged 37, was suffering from mental and physical disabilities and was in need of treatment which Mrs. Werner was unable to arrange. Notice of the petition and hearing was served upon Linda, and after taking evidence, the court issued letters to respondent as guardian of the person of Linda on October 28, 1985. Neither the petition nor the order made any reference to a conservatorship, no evidence was taken at the hearing as to the extent of Linda's assets and the judge's notes indicate appointment of a conservator was not a subject considered or applicable.

On November 27, 1985, respondent filed a petition seeking to amend the letters of

guardianship and asking that he be appointed conservator of Linda's estate. No notice of this additional petition was given to Linda, to her attorney or to Linda's mother, the original petitioner. On that same date, November 27, 1985, the court issued letters of conservatorship to respondent. No evidence was taken relative to this petition and no appearance on behalf of Linda was recorded. Neither the judge's docket nor the legal file reflects any notice given to Linda or anyone on her behalf reporting the action taken by the court.

The next event recorded on the case docket shows a petition for restoration of Linda filed January 15, 1986. That petition was not included in the legal file nor does the docket record any disposition made of the petition. The briefs indicate the petition was unopposed. It has apparently been assumed by the court and the parties that the later discharge of the guardian after approval of the settlement effectively accomplished restoration.

Respondent filed his final settlement March 13, 1986, slightly more than four months after the estate was first opened. The inventory in the conservatorship had not been filed until March 5, 1986, although it purported to reflect an opening balance as of November 27, 1985. The inventory showed a bank account of $991.53 and miscellaneous personal property. Additional cash received was shown on the settlement as $1588.63 recorded November 12, 1985 for "back social security." No explanation was given as to why respondent collected this amount some two weeks before he was appointed conservator.

Disbursements shown on the final settlement were $737.00 spent for the benefit of the ward. The entire balance of cash received by the respondent in the amount of $1843.16 was paid out in fees to respondent and his attorney and in other costs and fees. The settlement does not reflect collection of any social security payments for the ward currently during the period of administration from November, 1985 to March, 1986.

The incompetent filed objections to the final settlement on March 20, 1986. The objections raised two complaints. First, the incompetent protested the amounts of fees charged in relation to the assets of the estate. Second, the incompetent contended the order granting letters of conservatorship to respondent was void because the order was entered without notice to the incompetent and without a hearing. Only this latter point is raised as an issue on appeal. We deem it unnecessary to discuss the excessive charges made for fees and costs in view of our conclusion that the order appointing respondent conservator was void.

Although the judge's docket sheet includes an entry as of June 24, 1986, "Objection to Final Settlement Overruled and Denied," the legal file contains no order and, therefore, no statement of explanation of the ruling. There is a marginal notation on the final settlement showing it approved on June 24, 1986.

Appellant asserts two points of error which conjunctively argue the same proposition, that the court lacked jurisdiction to appoint respondent conservator of the incompetent's property because the order was made without notice to the incompetent, or anyone acting on her behalf, and there was no hearing conducted, all as required by §§ 475.062 and 475.075, RSMo 1986.[1] Respondent counters with the argument that because the order for the conservatorship was made within thirty days of the original order appointing the guardian, the former was merely a modification which the court had jurisdiction to enter under § 472.150.

The statutory requirements for a petition for guardianship, § 475.060, are different from those applicable to a petition for a conservatorship, § 475.061, and the contents are different in each case. Where a guardianship of the person is sought, the petition must allege facts in ten subject areas which § 475.060 enumerates. In the case of a conservatorship, only three of those subjects need be included, but in ad-

---

1. All statutory references are to RSMo 1986.

dition, the petitioner must allege that the respondent lacks the ability to manage his financial resources.[2] Inferentially, of course, the petition may and the ultimate hearing must consider the nature and extent of the alleged incompetent's assets to appraise the circumstances of a conservatorship.

◼ Frequently and in appropriate cases, a petition for guardianship may be combined with a petition for conservatorship. A guardianship does not on this account necessarily require a conservatorship in every case nor does every conservatorship require appointment of a guardian. This aspect of such proceedings is a matter of common experience recognized by the language in § 475.061.2 which provides that a petition for appointment of a conservator *may be* combined with a petition for appointment of a guardian.

It requires no citation of authority to assert as an undisputable proposition that treatment of guardianships and conservatorships as independent of each other in proper cases is a valid exercise of probate or equitable intervention. An incompetent person may require the services of a guardian to care for personal needs, access to medical attention and similar functions, but may have no need for a conservator for want of financial resources requiring management. Similarly, an incompetent may lack the ability to manage his assets but have no need for a personal guardian. In sum, therefore, guardianship and conservatorship stand on different fact situations and require different allegations and proof to invoke the court's jurisdiction in each instance.

[2] According to § 475.075, the jurisdiction of the court to appoint a guardian or a conservator is established when a petition in the form and with the contents set out in §§ 475.060 or 475.061 is filed, the cause is set for hearing by the judge and the alleged incompetent is served with a copy of the petition, written notice stating when and where the cause will be heard, the name and address of appointed counsel, the

names and addresses of witnesses and a copy of the alleged incompetent's rights. Personal service of the petition and notice upon the alleged incompetent is jurisdictional and mandatory. *Hirst v. Cramer,* 195 S.W.2d 738, 741–42 (Mo. banc 1946).

The case of *In Re Dugan,* 309 S.W.2d 145 (Mo.App.1957), considered the circumstance of a guardianship ordered upon a deficient petition. There, the application for letters of guardianship did not contain all of the allegations required under the statute and the petition and notice of hearing were not served. The court held the entire proceeding, including the appointment of the guardian, to have been void because the court never acquired subject matter jurisdiction. The power of the court to appoint a guardian is purely statutory and can only be exercised in the manner and upon the procedure set out in the statute. The requirement for a proper application is jurisdictional. The court may not undertake to act on its own motion. *Id.* at 148.

If, as we have postulated, a petition to establish a conservatorship is independent of a guardianship ordered for an incompetent, then proceedings relative to the conservatorship must stand or fall depending on whether the proceedings were in compliance with the statute.

Under § 475.061, a petition for appointment of a conservator must contain the name, age, domicile, actual place of residence and post office address of the incapacitated person. In the absence of consent by the incapacitated person, § 475.-062.2 requires that the petition be served on the incapacitated person, together with notice of the time and place for hearing, in like manner as is provided where a petition is presented for appointment of a guardian. All of the procedures relative to notice and hearing under § 475.075 are equally applicable to proceedings for guardianships and proceedings for conservatorships.

◼ In the present case, the petition for appointment of respondent as conservator did not give Linda's age, domicile, place of

---

**2.** This discussion does not include estates of    minors which are outside the topics considered.

residence or post office address and no attempt was made to serve her, or anyone on her behalf, with any notice that such an application was being made. The court conducted no hearing but merely granted the request perfunctorily and issued letters of conservatorship. The proceedings were not based on a prior application conforming to the statute and were conducted in violation of the requirements for notice to the incapacitated person and a hearing. The court, therefore, did not acquire subject matter jurisdiction to institute a conservatorship and its orders on the subject, including the order approving respondent's final settlement, were void.

The only argument presented by respondent contends that the order for the conservatorship was merely a modification of the previous order appointing respondent guardian of the person and that the court had power to make such an order so long as it was made within thirty days of the previous entry. The contention is without merit and is not supported by citation of any relevant authority.

It is true, as the court noted in *Estate of Bacheller*, 437 S.W.2d 132, 136 (Mo.App. 1968), that § 472.150 authorizes the probate court to modify its previous orders to the end that administration be one action in the breast of the court until final determination. There, the issue was whether the court had jurisdiction, before concluding administration on a decedent's estate, to modify its previous orders, one which allowed a claim, and the other approving allowance of attorney's fees. The court held it to be within the court's power to sustain exceptions to the final settlement thereby revoking in part prior orders for payment of the claim and for allowances.

The difference between the circumstance encountered in *Bacheller* and the present case is, first, the very nature of exceptions to a final settlement brings into play the power of the court to review its own orders and to correct errors while the court still retains jurisdiction over the case. There is no contention in the present case that the order appointing respondent conservator was made to correct a previous error or omission to act for the obvious reason that the subject of a conservatorship had not been broached until the day on which the challenged order was made.

■ The present case also differs from *Bacheller* most importantly in the fact that the trial court at all times had jurisdiction over the subjects of claims and allowances in the Bacheller estate. The orders in question were simply modifications of the previous action the court had taken. Here, the purported modification was the basis for respondent's original authority to act in matters respecting Linda's property and effects. We reject the contention that a purported modification may serve as a vehicle for expanding the subject matter jurisdiction of the court.

From the foregoing, it follows that the court's order approving respondent's final settlement and ordering respondent discharged was in error as was the order appointing respondent conservator. Those orders are reversed. The remaining issue is what remedial action is required to restore appellant to the things lost by respondent's appropriation and disbursement of appellant's assets.

Section 473.750, makes public administrators subject to the same provisions and proceedings as are authorized against personal representatives, guardians and conservators by Chapters 472 to 475, RSMo, so far as applicable. Section 475.100 specifically makes the statutory provisions relating to the bonds of personal representatives, with certain exceptions not pertinent here, applicable to the bonds of conservators.

■ Section 473.207 sets out the procedure to be followed on the representative's breach of an obligation on the bond. The execution of the bond by the conservator is deemed an appearance by the surety in the proceeding for the administration of the estate including all hearings with respect to the bond. Upon breach of the obligation of the bond, the court, after notice to the obligors on the bond, may summarily determine the damages as part of the proceeding for the administration of the estate, and by appropriate process enforce the col-

lection thereof from those liable on the bond. As to the jurisdiction of the probate court to proceed summarily in such matters, *see Estate of Sample v. Travelers Indemnity Company,* 603 S.W.2d 942 (Mo. 1980), cases there cited and *Estate of Sample v. Travelers Indemnity Co.,* 534 S.W.2d 618 (Mo.App.1976).

The judgment approving respondent's final settlement and discharging respondent is reversed. The cause is remanded for further proceedings against respondent and his sureties.

All concur.