In re Matter of Henderson Lee JESSEE.

Annie JUHL, Petitioner–Respondent,

v.

Henderson Lee JESSEE, Respondent–Appellant.

No. WD 39479.

Missouri Court of Appeals, Western District.

Jan. 26, 1988.

Roger M. Prokes, Maryville, for respondent-appellant.

Larry L. Zahnd, Maryville, for petitioner-respondent.

Before NUGENT, P.J., and
SHANGLER and BERREY, JJ.

NUGENT, Presiding Judge.

Henderson Lee Jessee appeals from the decision of the trial court declaring him incapacitated and disabled and appointing a guardian and conservator for him. We reverse and remand.

On April 21, 1987, Annie Juhl, Mr. Jessee's niece, petitioned the court to appoint Donna Adams, a long-time friend, as his guardian and conservator.

On April 28 petitioner, her attorney and respondent Jessee's court-appointed attorney, Mr. Prokes, appeared at the time of the scheduled hearing on the petition. Respondent did not appear, although he had been duly served with a copy of the petition and notices in accordance with § 475.075.2[1]. Mr. Prokes advised the court that he had just learned that Mr. Jessee had gone to Arizona and that he had not talked to Mr. Jessee. He also informed the court that he had no authority to waive

a jury trial and could not consent on Mr. Jessee's behalf to the holding of the hearing that day.

The court immediately heard evidence regarding respondent's departure from the state. Donna Adams, Mr. Jessee's friend and sometimes voluntary custodian, testified that Mr. Jessee owned real estate in Barnard, his home town, and some Nodaway County farmland. She said that he would communicate with her, that he was a person of "strong opinions on things," and that he did not want a guardian, thinking that he does not need one. To that extent, she testified, Mr. Jessee would carry on a conversation. In discussing the proposed guardianship with her the week before the hearing he had said, "Well, whether I'm really able or not to do my business, I think I am." She had learned the night before the hearing that Mr. Jessee was in Arizona at the home of a nephew.

The court then ruled that respondent Jessee had fled the jurisdiction for the express purpose of avoiding the hearing "thereby waiving his right to be present and his right to a jury trial." The court then proceeded with the hearing after which it found Mr. Jessee to be incapacitated, disabled and in need of a guardian and conservator and issued letters of guardianship and conservatorship to Donna Adams.

A motion for new trial was overruled. Notice of appeal was filed on May 28.

Mr. Jessee argues that the court erred in proceeding with his competency hearing because he did not affirmatively waive his right to be present and to have a jury trial. Petitioner argues that Mr. Jessee relinquished his rights by failing to appear, that an "estoppel arises from the inequity of permitting a party who, with knowledge of his rights, takes no steps to enforce them...." and that he should be barred now from asserting his rights.

Petitioner's argument that Mr. Jessee waived his rights by failing to appear begs the very question at issue—whether he was capable of knowingly and intelligently waiving any right. In a guardianship pro-

1. All sectional references are to Revised Statutes of Missouri, 1986.

**516**

ceeding the argument has a peculiarly hollow ring. On the one hand, it charges that the respondent is incompetent and on the other hand it demands that we assume his competence to make a knowing, intelligent and voluntary waiver.

Section 475.075 provides that when a petition for appointment of a guardian or counservator is filed, the court shall promptly set the petition for hearing and appoint an attorney to represent the allegedly incapacitated or disabled person. Subsection 3 of that section then provides in pertinent part as follows:

The attorney shall visit his client prior to the hearing. If the client is capable of understanding the matter in question or of contributing to the advancement of the client's interest, the attorney shall obtain from the client all possible aid. If the disability of the client compels the attorney to make decisions for the client, the attorney shall consider all circumstances then prevailing and act with care to safeguard and advance the interests of the client.

Section 475.075.8 reads as follows:

The respondent shall have the following rights in addition to those elsewhere specified:

(1) The right to be represented by an attorney;

(2) The right to have a jury trial;

(3) The right to present evidence in his behalf;

(4) The right to cross-examine witnesses who testify against him;

(5) The right to remain silent;

(6) The right to have the hearing opened or closed to the public as he elects;

(7) The right to a hearing conducted in accordance with the rules of evidence in civil proceedings, except as modified by this chapter;

(8) The right to be present at the hearing.

■ Under § 510.190.2, "Parties shall be deemed to have waived trial by jury: (1) By failing to appear at the trial." However, even when a waiver occurs in an incompetency hearing, the trial court is charged with the duty of ascertaining that it is knowingly and intelligently made. *In re Link*, 713 S.W.2d 487, 496 (Mo.1986) (en banc). In that case, the Supreme Court at 495 specified the way in which waiver of a jury trial can occur: Section 475.075.8 "requires that the right to a jury trial be waived affirmatively, on the record, and in a fashion similar to waiver under Criminal Rule 27.01." The court went on to say that, while the statute did not specifically call for the application of the rules of criminal procedure, the more stringent requirements were more appropriate and were intended by the legislature since guardianship and conservatorship entail the deprivation of fundamental liberty.

■ An incompetency hearing presents special problems for waiving of rights. The statute imposes on appointed counsel the special duty to "visit his client prior to the hearing" to determine whether the client is "capable of understanding" the guardianship proceeding or of contributing to the advancement of his own interests. Until that determination is made, the attorney has no way of knowing how to proceed. For that reason, the court must permit counsel to carry out the attorney's statutory function by at least talking to the respondent before the hearing. Moreover, the person whose competence is being questioned must know what a respondent's rights are before they can be knowingly and intelligently waived. The respondent's attorney is charged with the highest standard of advocacy and may not waive a client's rights unless the court agrees that the client's best interest is served by doing so. § 475.075; *In re Link* at 495.

■ The court may make its own inquiry into the issue. When a person's competence is being determined, a decision that may result in loss of liberty, loss of choice, loss of control over living accommodations, financial arrangements, and property, that person's fundamental rights must be protected by the judicial system. Missouri has, since at least 1939, provided for notice, the right to be present, to be represented by counsel, appointment of counsel if an

attorney does not appear, and the right to jury trial. *In re Link* at 494. While those rights may be waived, they must be affirmatively, intelligently and knowingly waived on the record.

■ Because Mr. Jessee did not affirmatively, knowingly and intelligently waive his rights on the record and his attorney was in no position to waive his rights for him and so advised the court, Mr. Jessee's liberty and right to control his property cannot be restrained. He has a right to counsel, to be present at the hearing to determine his competence, and to a trial by jury.

In conclusion, we note that Mr. Jessee has returned home. At the age of 106, he was in our court on December 16, 1987, the day this case was argued and submitted. Accordingly, we now reverse and remand with directions to the trial court to begin again on the question whether respondent Jessee is now in fact so incapacitated and disabled as to require the appointment of a guardian and conservator.

All concur.