In re the Matter of Wilmot Harry
SCOTT, Stephen Scott and David
Scott, Plaintiffs–Respondents,

v.

Abigail C. SCOTT and Marguerite S.
Scott, Defendants–Appellants.

No. 63975.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 23, 1994.

Application to Transfer Denied
Sept. 20, 1994.

W. Morris Taylor, William K. Meehan, W. Morris Taylor, P.C., Clayton, Joseph M. Willemin, Jr., St. Louis, for appellants.

Davis Biggs, Jr., Fairfax Jones, Michael W. Flynn, Biggs, Fickie & Dwyer, St. Louis, for respondents.

KAROHL, Judge.

Stephen and David Scott filed a petition for appointment of a guardian and conservator for their father, Wilmot Harry Scott,[1] and his estate on November 26, 1991. The sons also filed a petition for preliminary and permanent injunction to restrain Abigail and Marguerite Scott, Wilmot Scott's wife and daughter, respectively, from exercising powers pursuant to a durable power of attorney executed by Wilmot Scott on July 19, 1988. Wilmot Scott was adjudicated incapacitated, a guardian and conservator was appointed, and the power of attorney was terminated. At no time during these proceedings was the initial petition for appointment of a guardian and conservator ever personally served on Wilmot Scott or an attorney hired by him. Abigail and Marguerite Scott appeal various orders of the trial court stemming from the incapacity proceedings because the trial court acted without obtaining appropriate jurisdiction over Wilmot Scott. We conclude the petitioners, Stephen and David Scott, failed to invoke the trial court's jurisdiction over their father by failing to comply with the mandatory provisions of § 475.075.2 RSMo 1986.

At the time Wilmot Scott's sons filed the petition alleging his incapacity and requesting that Stephen Scott be granted letters of guardianship and conservatorship, Wilmot Scott was 81 years old and residing in a nursing home. He had been married for 53 years and had three children, David, Stephen, and Marguerite. He owned certain real estate and a business which apparently became a source of conflict between the sons and the wife and daughter. It is largely undisputed that Wilmot Scott's physical and mental health deteriorated rapidly during 1990 and 1991 due to an irreversible progressive degenerative condition consistent with dementia and Alzheimer's disease.

Following the filing of the petition, the trial court appointed an attorney, conservator and guardian ad litem for Wilmot Scott on December 2, 1991. It also enjoined Abigail and Marguerite Scott from exercising any powers given to them pursuant to the durable power of attorney. After a hearing on the petition for guardianship and conservatorship was held, on June 19, 1992 the trial court entered its order appointing Michael Flynn as the guardian and conservator of Wilmot Scott pursuant to § 475.075, and terminating Wilmot Scott's power of attorney. On April 26, 1993, Abigail and Marguerite Scott filed a motion to declare judgment, orders and proceedings void because the record disclosed a total absence of service of process on Wilmot Scott. An order denying this motion, entering sanctions against Abigail and Marguerite Scott's attorney, and declaring the order of June 19, 1992 final was entered. This appeal ensued.

 Abigail and Marguerite Scott raise two points on appeal. The first point concerns the validity of all the proceedings concerning Wilmot Scott's alleged incapacity, and it is dispositive.

Section 475.075. provides, in part:

1. ... [W]hen a petition for the appointment of a guardian ad litem, guardian or conservator against any person, hereinafter referred to as the respondent, is filed on grounds other than minority, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall promptly set the petition for hearing.

2. The *respondent shall be served in person with the following:* A copy of the petition; a written notice stating the time and place the proceeding will be heard by the court, the name and address of appointed counsel, and the names and addresses of the witnesses who may be called to testify in support of the petition; and with a copy of the respondent's rights as set forth in subsections 7 and 8 of this section. The notice shall be signed by the

---

1. Wilmot Harry Scott died on January 11, 1994. Although the issue of guardianship is thereby mooted, other considerations driving this appeal are not.

judge or clerk of the court and served in person on the respondent a reasonable time before the date set for the hearing.....

Section 475.075 RSMo 1986 (emphasis added). It is undisputed that Wilmot Scott was never personally served with a copy of the petition for appointment of a guardian and conservator which named him as the respondent.

■ "The power to appoint guardians is purely statutory. It must be exercised in the manner prescribed, and the application must be made in accordance with the statutes." *In re Dugan*, 309 S.W.2d 145, 148 (Mo.App. 1957). The requirement of an application is jurisdictional. *Id.* "The requirement as to what the application shall contain is essential, not only so that the court may be able to determine its own jurisdiction of the subject matter, but also so that jurisdiction of the parties can be acquired by the notice required in section 475.070. And such notice is jurisdictional." *Id.* at 149. (authorities omitted). "Where there is no service whatever, the court acquires no jurisdiction, and its judgment is void." *Hirst v. Cramer*, 195 S.W.2d 738, 740 (Mo. banc 1946).

■ "According to § 475.075, the jurisdiction of the court to appoint a guardian or a conservator is established when a petition in the form and with the contents set out in §§ 475.060 or 475.061 is filed, the cause is set for hearing by the judge and the alleged incompetent is served with a copy of the petition, written notice stating when and where the cause will be heard, the name and address of appointed counsel, the names and addresses of witnesses and a copy of the alleged incompetent's rights. Personal service of the petition and notice upon the alleged incompetent is jurisdictional and mandatory." *Werner v. Wright*, 737 S.W.2d 761, 764 (Mo.App.1987) (citing *Hirst v. Cramer*, 195 S.W.2d 738, 741–42 (Mo. banc 1946)). Personal service of notice is not waived by the appearance of an attorney appointed by the court. *Boatmen's Nat'l Bank of St. Louis v. Wurdeman*, 344 Mo. 573, 127 S.W.2d 438, 440 (1939).

Stephen and David Scott argue service of process is a matter of due process rather than jurisdiction, and that service of process was properly waived by the guardian ad litem. This view ignores the requirement of § 475.075.2 for service, not merely notice. The former is a jurisdictional requirement, the latter a due process step.

■ The Scott sons first argue that due process was facilitated by the fact that their father was properly served with notice of a previous, similar proceeding in a court of Jefferson County. Those proceedings, however, were dismissed for want of proper venue before the sons filed a new petition in St. Louis County. The Jefferson County proceedings are not relevant to this appeal. Service of process in a dismissed case is not sufficient to confer on the St. Louis County trial court personal jurisdiction over Wilmot Scott. In addition, contrary to the sons' contention, personal service in a proceeding to determine whether a person is incapacitated is mandatory and jurisdictional rather than a matter of due process. That is the plain meaning of an unambiguous statute.

■ The Scott sons also argue the trial court had authority to appoint a guardian ad litem under the authority of Rule 52.02(k), and that service of process upon the guardian pursuant to Rule 54.13(a)(2) (amended June 1, 1993) constituted compliance with § 475.075.2. However, Supreme Court Rules of procedure may not be used to create jurisdiction where none exists. *Glasby v. State*, 739 S.W.2d 769, 771 (Mo.App.1987). Moreover, Rule 52.02(k) refers only to a court's ability to appoint a next friend or guardian ad litem for the purpose of litigation brought by or against a person who appears incapable of properly caring for his or her own interests. This does not cover litigation to have a person adjudicated incapacitated. Rule 54.13(a)(2) allows service of process by delivery to a legally appointed guardian, but the trial court in the present case never acquired personal jurisdiction over Wilmot Scott in order to appoint a guardian for him.

■ The Scott sons' reliance on § 404.648 RSMo Cum.Supp.1990, relating to personal custodian law, and § 404.731 RSMo Cum. Supp.1990, relating to durable power of at-

torney law, is also misplaced. Neither of these provisions give the trial court the authority to proceed with a hearing on mental capacity without serving notice upon the proposed protectee. The contemporaneous filing of the petition for injunction seeking relief under relevant durable power of attorney statutory provisions did not negate the need for compliance with the provisions of § 475.075.2. The petitioners cannot opt out of the service and notice requirement in the incapacity proceeding because they also bring an injunction action against another party.

The sons also argue § 475.075.3 provides an alternative source of authority for the trial court to appoint a guardian. That subsection provides, in part, "Upon the filing of a petition under the provisions of subsection 1 of this section ... the court shall immediately appoint an attorney to represent the respondent in the proceeding." This subsection does not, however, negate the mandatory requirement of § 475.075.2 that the respondent receive service and notice of the proceedings. The appointment is an additional, not an alternative step in the proceedings.

The sons do not contest the body of caselaw establishing that personal service is jurisdictional and mandatory in a proceeding under § 475.075. Instead, they cite this court's decision in *Matter of Conserv. Estate of Moehlenpah*, 763 S.W.2d 249 (Mo.App. 1988) for the proposition that the motion to declare the proceedings void was untimely, and that no prejudice occurred where all the parties agreed that the person in question was in need of assistance and all the attorneys were noticed and present. Both the holding and the facts of *Moehlenpah* are distinguishable from the present case. The issue there was an interpretation of § 475.-075.11, not § 475.075.2. *Id.* at 260. *Moehlenpah* deals with the waiver of a right to a jury trial and lack of notice of hearing relative to the appointment of a conservator ad litem. There was no personal jurisdiction issue. The protectee's private counsel received notice, but complained it was not within a reasonable time before the hearing as required by § 475.075.11. In any event, the untimely notice issue was never before the trial court and was not considered on appeal. *Id.* at 260. *Moehlenpah* certainly does not stand for the proposition that personal service pursuant to § 475.075.2 may be waived by court appointed counsel.

Contrary to the sons' allegation, the mandatory and jurisdictional requirement of service of process set forth in § 475.075.2 does not blur the distinction between personal jurisdiction and subject matter jurisdiction. We hold that the trial court never acquired jurisdiction over Wilmot Scott because of a lack of service upon him required by statute. This case does not involve an entry of appearance by the protectee's chosen counsel. In the absence of entry by an attorney chosen by the protectee, where no one contests the protectee's capacity to choose private counsel, service is jurisdictional.

We reverse the trial court's order of April 26, 1993 denying Abigail and Marguerite Scott's motion to declare judgment, orders and proceedings in the guardianship void.

CRANE, P.J., and CRAHAN, J., concur.