In re the Matter of the ESTATE OF
Wilmot Harry SCOTT, deceased.

Nos. 68539, 68540 and 68755.

Missouri Court of Appeals,
Eastern District,
Division Four.

Application to Transfer Denied
Nov. 19, 1996.

Aug. 20, 1996.

**414**

Edward M. Roth, Leritz, Plunkert & Bruning, St. Louis, for Abigail Scott and Marguerite Scott.

Klutho, Cody & Kilo, P.C., Robert E. Trame, St. Louis, for Michael Flynn.

Before PUDLOWSKI, P.J., and SIMON and HOFF, JJ.

PER CURIAM.

Abigail and Marguerite Scott appeal two judgments entered by the trial court allowing claims of Joel Case and Michael Flynn against the estate of Wilmot Scott for fees resulting from services as guardians and conservators. Michael Flynn appeals the judgment regarding the amount of fees awarded. Judgments reversed, claims denied.

The underlying case, before this Court as *Scott v. Scott*, 882 S.W.2d 295 (Mo.App. 1994),[1] gives the background of this matter. In *Scott I*, Stephen and David Scott, Wilmot Scott's sons, filed a petition for appointment of guardian and conservator of their father and his estate. *Id.* at 296. At the same time, the sons filed a petition for preliminary and permanent injunction to restrain Abigail and Marguerite Scott, Wilmot Scott's wife and daughter, from exercising powers pursuant to a durable power of attorney executed by Wilmot Scott in 1988. *Id.*

The trial court appointed Joel Case guardian and conservator ad litem to represent Wilmot Scott's interests at the competency hearing pursuant to § 475.075.3 RSMo 1986.

After a hearing, the trial court found Wilmot Scott to be incapacitated. *Scott,* 882 S.W.2d at 296. The trial court terminated the 1988 power of attorney and appointed Michael Flynn as guardian and conservator. *Id.*

Wife and daughter appealed the orders of the trial court in *Scott I.* This Court reversed the trial court pursuant to § 475.075.2 RSMo 1986, because it found Wilmot Scott was never personally served with the petition for appointment of guardian and conservator. *Scott,* 882 S.W.2d at 296. This Court found the trial court had no jurisdiction to enter any order concerning Wilmot Scott, and all orders concerning him were void. *Id.* at 298.

While the appeal was pending, Wilmot Scott died. *Id.* at 296 n. 1. Thereafter, Case filed a claim in the amount of $11,145.60 against Wilmot Scott's estate for his services as guardian and conservator ad litem. Flynn also filed a claim in the amount of $30,941.50 for his services as guardian and conservator.

Wife and daughter moved to dismiss the claims of Case and Flynn. The trial court entered judgments allowing Case's claim in the amount of $11,145.60 and Flynn's claim in the amount of $18,000.00 against the estate. These appeals followed.

On appeal, wife and daughter challenge the judgments of the trial court which allowed Case and Flynn's claims against Wilmot Scott's estate. Flynn appeals regarding the amount of fees awarded.

Wife and daughter contend that because the appointments of Case and Flynn as guardians and conservators were found in *Scott I* to be nullities and void from inception, their fees are unrecoverable from decedent's estate. Wife and daughter argue that no claims for fees resulting from the void guardianship/conservatorship order can be allowed because the trial court had no jurisdiction. This Court agrees.

■ Where an order appointing a guardian ad litem is rendered void for want of jurisdiction, the order allowing fees and costs for services of the guardian ad litem is also void. *In re Estate of Dothage,* 727 S.W.2d 925, 928 (Mo.App.1987).

---

1. For purposes of clarity, this case is hereinafter referred to as *Scott I.*

This Court has determined the orders appointing Case and Flynn as guardians and conservators are void. *Scott*, 882 S.W.2d at 298. "A judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time in any proceeding in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interest it conflicts." *Caby v. Caby*, 825 S.W.2d 56, 58 (Mo.App. 1992). Therefore, the judgments entered allowing the claims of Case and Flynn against the estate of Wilmot Scott for their services as guardians and conservators are also void.

Flynn argues recovery is proper under a separate theory. He argues that because he and Case acted in good faith as guardians and conservators, they are entitled to payment by decedent's estate under the theory of *quantum meruit.* Under the theory of *quantum meruit,* the law presumes a promise to pay for valuable services rendered by one and accepted by another where a family relationship does not exist. *Buchweiser v. Estate of Laberer,* 695 S.W.2d 125, 128 (Mo. banc 1985). To defend the claim under *quantum meruit,* the estate then bears the burden of proof that the services were rendered gratuitously. *Id.*

It is undisputed that valuable services were rendered in good faith by Case and Flynn. It is undisputed that a family relationship did not exist between Wilmot Scott and the two attorneys, nor his wife and daughter and the two attorneys. It is also undisputed that the services were not given gratuitously. However, this Court questions whether Case and Flynn's services were accepted by Wilmot Scott or by his wife and daughter through their power of attorney.

To "accept" is to receive with intent to retain. *Mercantile Bank and Trust Co. v. Vilkins,* 712 S.W.2d 1, 4 (Mo.App.1986). When one "accepts", one agrees to, consents to, and receives with approval. *Id.* "Acceptance" means something more than just to receive. *Id.*

Wilmot Scott did not retain the services of Case and Flynn, nor did his wife and daughter through their power of attorney. The trial court appointed Case and Flynn as guardians and conservators. More importantly, neither Wilmot Scott, nor his wife and daughter, received Case and Flynn's services with the intention to retain them. Wilmot Scott's wife and daughter did not agree with the appointments of the guardians and conservators, did not consent to the appointments, and did not receive their services with approval. In fact, Wilmot Scott's wife and daughter took great steps to reject the services of Case and Flynn by filing the initial appeal in *Scott I.* Therefore, we find there was no acceptance of Case and Flynn's services by Wilmot Scott or his wife and daughter.

Accordingly, we do not find the doctrine of *quantum meruit* to be applicable in this case. Although we recognize Case and Flynn performed their services in good faith, we find no authority to hold their claims payable from the estate of Wilmot Scott.

Judgments reversed and remanded to enter judgments denying the claims.