**Michael W. FLYNN, Appellant,**

v.

**Stephen SCOTT, David Scott, and Abigail Scott, Respondents.**

No. 72965.

Missouri Court of Appeals, Eastern District, Division Two.

May 12, 1998.

See also, 882 S.W.2d 295; 932 S.W.2d 413

Robert E. Trame, St. Louis, for appellant.

Fairfax Jones, St. Louis, for respondents Stephen and David Scott.

Edward M. Roth, St. Louis, for respondent Abigail Scott.

RHODES RUSSELL, Presiding Judge.

Michael W. Flynn, purported guardian and conservator ("guardian"), appeals from a judgment of the trial court denying his motion to reopen a guardianship and conservatorship proceeding in order to tax his fees as costs against the relatives of Wilmot Harry Scott ("ward") who had initiated the proceeding. We affirm in that the appointment of guardian was void as the court lacked jurisdiction due to a failure to serve ward personally. No statutory authorization exists for compensation of an unauthorized guardian of a ward.

This is the third appeal by the parties over issues in this guardianship. The proceedings began in 1991 and 1992 when ward's two sons and wife filed two separate petitions requesting the appointment of a guardian and conservator for ward. The court found ward was incapacitated both physically and mentally, and because of dissension among family members, appointed guardian as ward's guardian, conservator, and attorney. Ward's wife and daughter moved the court to declare the guardianship proceeding void in that ward was never personally served and, therefore, the court never acquired jurisdiction over him. The trial court denied the motion, and wife and daughter appealed. This court reversed the judgment holding that the guardianship proceeding was void for lack of jurisdiction for failure to comply with section 475.075.2 RSMo 1986. *Scott v. Scott,* 882 S.W.2d 295 (Mo.App.1994) ("*Scott I* ").

While *Scott I* was pending, ward died. Guardian filed a claim against ward's estate for $30,941.50 for his services as guardian and conservator. Guardian's claim against the estate was allowed in the amount of $18,000. Guardian, wife, and daughter appealed. This court again reversed, holding that the judgment allowing guardian's claim was void for lack of jurisdiction. *In re the Matter of the Estate of Scott,* 932 S.W.2d 413 (Mo.App.1996) ("*Scott II* ").

Guardian thereafter filed a motion to reopen the guardianship proceeding in order to tax his fees as costs to the ward's family members, personally, who petitioned for the

appointment of a guardian and conservator for ward. He asserts error in the denial of his motion.

■ No item is taxable as costs unless specifically so provided by statute. *In re Estate of Dothage,* 727 S.W.2d 925, 928 (Mo. App.1987). Guardian contends that section 475.075.3 RSMo 1994[1] provides authority for taxing his services as costs. Guardian's reliance on section 475.075.3, however, is misplaced. That section provides that an attorney appointed to represent an alleged incapacitated person *during the guardianship proceeding* shall be allowed a reasonable attorney's fee for services rendered to be taxed as costs of the proceeding. Guardian was not appointed by the trial court to represent ward during the pendency of the guardianship proceeding. Rather, following the guardianship hearing, during which ward was represented by a guardian ad litem, the trial court issued its ineffectual order finding ward incapacitated, and appointed guardian to serve as ward's guardian, conservator, and attorney.

■ Guardian also argues that section 475.085.1 requires the court to tax costs against the persons filing the petition of guardianship if the alleged incapacitated person is found not to be incapacitated. That section discusses who shall be required to pay the costs of the incapacity or disability proceedings. We have explained the fees that guardian wants assessed as costs are not associated with the guardianship proceeding, but are fees incurred after that proceeding. Section 475.085.1, therefore, has no relevance to the disposition of guardian's fees claimed herein.

■ Compensation of guardians and conservators is addressed in section 475.265. Section 475.265 does provide that a guardian or conservator shall be allowed such compensation for services as the trial court deems just and reasonable. Here, however, the order appointing guardian as ward's guardian was rendered void for want of jurisdiction.

*See, Scott I* at 298. It follows that guardian was never vested with any authority as a guardian or conservator.[2] No statutory authorization exists for compensation of a guardian of an incapacitated person not authorized by a court duly exercising its jurisdiction.

■ As we noted in *Scott II,* it is undisputed that valuable services were rendered in good faith by guardian. Unfortunately, guardian's appointment as ward's guardian and conservator was void from its outset.

Accordingly, although we recognize that guardian performed his services in good faith, we are compelled to hold that the trial court did not err in denying guardian's motion to reopen the guardianship proceeding. The judgment is affirmed.

SIMON, J., and RICHARD B. TEITELMAN, J., concur.

**A.L., Plaintiff/Respondent,**

v.

---

1. All statutory references hereinafter are to RSMo 1994 unless otherwise indicated.

2. *Cf., Kerr v. Kerr,* 519 S.W.2d 303 (Mo.App. 1975) (Trial court lacked jurisdiction or authority to appoint a guardian ad litem for wife who was never served with process and, therefore, guardian's abortive appointment gave him no power or right to bind wife.).