STATE of Missouri ex rel. Jennifer M.
JOYCE, Circuit Attorney, St. Louis
City, Missouri, Relator,

v.

Honorable Evelyn BAKER, Judge of
the Twenty–Second Circuit Court
of Missouri, Respondent.

No. ED 84373.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Aug. 24, 2004.

Corra Lee McCallin, St. Louis, MO, for relator.

David C. Stokely, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Jennifer M. Joyce (hereinafter, "Relator") filed a Petition for Writ of Mandamus, or in the alternative, a Petition for Writ of Prohibition, to compel the Honorable Evelyn M. Baker (hereinafter, "Respondent") to reinstate the underlying cause *State v. Williams* and to grant Relator's motion for change of judge. Our preliminary order is made absolute.

On March 22, 2002, the State of Missouri charged Kelvin Williams (hereinafter, "De-

fendant") with one count of possession of a controlled substance. The St. Louis Grand Jury indicted Defendant on one count of possession of a controlled substance on May 2, 2002. Relator filed a request for change of judge pursuant to Rule 32.07 on March 9, 2004. On the same day, Respondent set a hearing on Relator's motion for March 19, 2004. On March 19, 2004, Respondent dismissed the underlying cause for failing to bring Defendant to trial within the required 180 days under Section 217.460 RSMo (2000),[1] based upon Defendant's alleged filing of disposition of detainers on September 30, 2002. Relator sought this writ to prevent Respondent from dismissing the underlying cause and to grant her motion for a change of judge.

"Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 243 (Mo.App. S.D.1992) (*quoting State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). Prohibition lies when a trial judge receives a proper application for change of judge pursuant to Rule 32.07 and then fails to disqualify herself. *Raack*, 720 S.W.2d at 943).

Rule 32.07(a) states that "a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or an attorney for any party." Once the trial judge fails to comply with the Rule 32.07, she lacks jurisdiction in the matter. *Mountjoy*, 831 S.W.2d at 243.

The parties agree Relator followed the proper procedure set forth in Rule 32.07 to request a change of judge. Respondent urges this Court not to overlook the Uniform Mandatory Disposition of Detainers Law, Sections 217.450–.490. Respondent argues since Defendant has been incarcerated for more than 180 days without being brought to trial, "no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice." Section 217.460.

This Court finds Respondent failed to follow all of the procedure set forth in Rule 32.07 after receiving Relator's timely motion. Once an application is received timely, the judge shall enter an order granting the change of judge and shall have no further jurisdiction in the matter. Respondent was without jurisdiction to consider and rule upon the alleged motion for detainers filed by Defendant.

The preliminary writ is made absolute.

KATHIANNE KNAUP CRANE and MARY R. RUSSELL, JJ., concur.

1. All further statutory references herein are to RSMo (2000) unless otherwise noted.