**STATE of Missouri, ex rel., Dean H. KEMPER, Relator,**

v.

**Honorable Terry CUNDIFF, Circuit Court of St. Charles County, Respondent.**

No. ED 88102.

Missouri Court of Appeals, Eastern District, Writ Division Four.

June 27, 2006.

1. The trial court designated the order as final for purposes of appeal.

Dean Kemper, Iowa City, IA, pro se.

Laura R. Whitlow, St. Charles, MO, for respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

Dean H. Kemper (Relator) filed a Petition for Writ of Mandamus or in the Alternative a Writ of Prohibition (petition) to compel the Honorable Terry R. Cundiff (Respondent) to recuse himself from Relator's case and to transfer the case for assignment to another judge. This Court granted a preliminary order in prohibition and directed Respondent to file an answer. Respondent is in default. In accordance with Rule 84.24, the Court dispenses with further briefing and oral argument. The preliminary order is made absolute.

### Facts

The State charged Relator with two felony counts of passing a bad check, in violation of Section 570.120.[1] On May 15, 2006, Relator filed with Respondent an Application for Change of Judge (Application), pursuant to Rule 32.06 and Rule 32.07. Relator also provided the prosecutor in the case with notice of the Application. Respondent promptly granted the Application, and Relator's case was designated for reassignment. On May 22, however, Respondent issued a nunc pro tunc order rescinding his earlier grant of Relator's Application on the grounds that the prosecutor had the right to challenge the Application, the underlying criminal case was already set for preliminary hearing prior to the filing of the Application, and Relator was required to file his Application at least five days prior to the scheduled preliminary hearing.

Relator, pro se, subsequently filed with this Court his petition, with suggestions in

---

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

support, seeking an order directing Respondent to remove himself as the trial judge in Relator's case and to transfer the case for assignment to another judge.

### Discussion

■ In his petition, Relator argues that Respondent abused his discretion in issuing the nunc pro tunc order and reasserting jurisdiction over Relator's case because, once Respondent granted the Application, Respondent no longer had jurisdiction over Relator's case. We agree.

■ "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Joyce v. Baker*, 141 S.W.3d 495, 496 (Mo.App. E.D.2004), *quoting State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 243 (Mo.App. S.D.1992) and *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). Prohibition lies and a judge is without jurisdiction when the judge receives a proper application for change of judge, pursuant to Rule 32.07, but thereafter fails to disqualify himself. *State ex rel. Joyce*, 141 S.W.3d at 496. Rule 32.07 provides, in pertinent part:

> Except as [otherwise provided] . . . a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefore by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or an attorney for any party.
>
> In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. If the designation of the trial judge occurs more than ten days after the initial plea is entered, the application shall be filed within ten days of the designation of the trial judge or prior to commence-

ment of any proceeding on the record, whichever is earlier.

Missouri courts liberally construe disqualification provisions in favor of the right to disqualify. *State ex rel. Raack*, 720 S.W.2d at 943. A litigant's right to disqualify a judge has been described as "virtually unfettered." *State ex rel. Mountjoy*, 831 S.W.2d at 244. If the litigant's request for a disqualification is in proper order, the judge has a duty to sustain that request. *Id.* Once the judge grants the application, he lacks jurisdiction to proceed further other than to transfer the case to another judge. *State v. Rulo*, 173 S.W.3d 649, 652 (Mo.App. E.D.2005).

Here, Respondent lacked jurisdiction to rescind his grant of Relator's Application. The record before us indicates that Relator's Application was properly and timely filed. At the time the Application was filed, no trial judge had been designated, and the Application was filed prior to the commencement of any proceeding on the record. Once Respondent granted Relator's Application, Respondent no longer had jurisdiction to proceed other than to transfer the case; he was not permitted to rescind his grant of the Application. *Rulo*, 173 S.W.3d at 652.

■ Moreover, it was improper for Respondent to attempt to rescind his grant of the Application through a nunc pro tunc order. The purpose of a nunc pro tunc order is to correct a clerical mistake or some error or inadvertence in the recording of that which was actually done, such as a judgment, order, or another part of the record, but which, because of that error or omission, was not properly recorded. Rule 74.06(a); *Foraker v. Foraker*, 133 S.W.3d 84, 93 (Mo.App. W.D.2004). Respondent cannot use a nunc pro tunc order to order an action which was not actually done or to change or to modify the action which was taken; therefore, Re-

spondent erred in issuing the nunc pro tunc order in an effort to rescind the earlier order granting Relator's Application. *Foraker*, 133 S.W.3d at 93.

We hold that Respondent was without authority to rescind the order granting Relator's Application. Respondent is prohibited from conducting further proceedings in this matter. The preliminary order is made absolute.

SHERRI B. SULLIVAN, Judge and KENNETH M. ROMINES, Judge: Concurs.