**In the Matter of: Johnnie MYLES, Incapacitated and Disabled.**

**No. ED 91019.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 25, 2008.

Susan M. Bartlett, St. Louis, MO, for appellant.

Chris N. Weiss, Jackson, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Johnnie Myles (hereinafter, "Myles") appeals from the judgment of the circuit court of Cape Girardeau County, probate division, appointing a guardian of his person and a conservator of his estate. On appeal, Myles alleges the probate court erred by failing to follow Section 475.075 RSMo (2000),[1] which sets forth the procedure for hearings on capacity or disability. We reverse and remand.

Edith Eeftink (hereinafter, "Eeftink") filed a petition through the Cape Girardeau County Public Administrator seeking to obtain a guardian and conservator appointment for Myles. Eeftink thought it would be in Myles' best interest to have a conservator appointed as she believed Myles demonstrated poor money management skills.

On November 15, 2001, the probate court held a hearing on Eeftink's petition. This petition was supported by the deposition of Reeta Rohatgi, M.D. (hereinafter, "Dr. Rohatgi"). Dr. Rohatgi examined Myles and opined he was in need of a conservator because he lacked the ability to manage his financial resources and business affairs. After a short hearing on the record, the probate court determined Myles to be totally disabled and in need of a conservator. Phyllis Schwab (hereinafter, "Schwab") was appointed as Myles' conservator.

On May 16, 2007, Schwab petitioned the probate court to resign as Myles' conservator. In this petition, she alleges, *inter alia*, Myles is noncompliant with the conservatorship, she cannot adequately monitor his actions and behavior, and the Department of Mental Health is not supportive of a guardianship for Myles. Schwab filed a report on May 22, 2007, prepared by Dr. Rohatgi stating she believed Myles no longer needed a conservator. According to the docket entries, the probate court allowed Schwab to resign as conservator on May 23, 2007.

On January 7, 2008, the probate court *sua sponte* reviewed its file in this case. The docket entry reads, "Court reviews file and finds that conservator was allowed to resign, but that no Petition for restoration of ward or appointment of successor conservator was filed. Court orders this matter set for hearing and all interested parties notified." The hearing was held on February 25, 2008.

Schwab, her counsel, and Eeftink were present for the entire hearing.[2] Myles was present for less than one-quarter of the proceedings and was not represented by counsel. During the hearing, the probate court made the only inquiry, examining Eeftink and Myles. The probate court asked only one question of Eeftink. Eeftink was asked if it was her opinion that Myles needed a guardian and conservator. She replied, "Yes." The probate court then asked if there was any objection to admitting the 2001 deposition of Dr. Rohatgi. As there was no objection from those in the courtroom, the probate court admitted the old deposition and then brought in Myles. The probate court asked him six questions, including what was his name and where did he live, and then sent him

---

1. All further statutory references herein are to RSMo (2000).

2. The entire transcript of this hearing is less than four pages long.

out of the courtroom. After Myles left the courtroom, the probate court found Myles to be in need of a guardian and a conservator. In accordance with the judgment of the probate court, letters of guardianship of an incapacitated person and conservatorship of a disabled person were issued, appointing Schwab as guardian and conservator.

■ Myles appeals from the judgment of the probate court. He raises two issues on appeal, claiming the probate court lacked jurisdiction to enter its judgment and the probate court erred in entering judgment because there was no clear and convincing evidence he was in need of a guardian and conservator. Since this Court finds his first point on appeal dispositive, we will not address his second point on appeal.

Myles claims in his first point on appeal that the probate court erred in entering its judgment of incapacity and disability because it lacked jurisdiction. Myles believes the court failed to comply with the mandatory notice and procedural requirements of Sections 475.060, 475.062, and 475.075. He alleges he failed to receive notice in the form of a petition. He also avers that he was denied his rights to counsel, confrontation, cross-examination, and to present evidence. We agree.

■ The appointment of a conservator or guardian is purely statutory. *Scott v. Scott*, 882 S.W.2d 295, 297 (Mo.App. E.D. 1994). "It must be exercised in the manner prescribed, and the application must be made in accordance with the statutes." *Id.* "The beneficial motives behind guardianship obscured the fact that guardianship necessarily entails a deprivation of the fundamental liberty to go unimpeded about one's ordinary affairs." *In re Link*, 713 S.W.2d 487, 493 (Mo. banc 1986). An individual seeking appointment as a conservator or guardian has the burden of proving incapacity or disability by clear and convincing evidence. Section 475.075.7.

■ Section 475.075 establishes a probate court's jurisdiction for the appointment of a guardian or conservator when a petition is filed. The alleged incompetent individual must be served in person with: the petition; a written notice of the time and place of the hearing, the names of appointed counsel, names of the witnesses who may be called to support the petition, and a copy of his or her statutory rights. Section 475.075.2. "Personal service of the petition and notice upon the alleged incompetent is jurisdictional and mandatory." *Scott*, 882 S.W.2d at 297; *Werner v. Wright*, 737 S.W.2d 761, 764 (Mo.App. W.D.1987).

■ Once a petition has been filed, Missouri has, since at least 1939, instituted safeguards for the alleged incompetent individual. *Flair v. Campbell*, 44 S.W.3d 444, 454 (Mo.App. W.D.2001). The probate court "shall immediately appoint an attorney to represent" the person who may be judge disabled or incapacitated and that attorney "shall visit his [or her] client prior to the hearing." Section 475.075.3. "The appointed attorney is required to meet with the individual and make an initial determination of the client's ability to understand and assist in the advancement of his or her interests." *Link*, 713 S.W.2d at 496.

Additionally, the alleged incompetent has the right, *inter alia*, to have a jury trial, present evidence on his or her behalf, and be present at the hearing. Section 475.075.8. The choice of the legislature's words in this statute indicates an attempt to bolster the alleged incompetent's rights. *Link*, 713 S.W.2d at 495. However, the rights enumerated in Section 475.075.8 may be waived. "While those rights may be waived, they must be affirmatively, in-

telligently and knowingly waived on the record." *Flair*, 44 S.W.3d at 454 (*quoting Matter of Jessee*, 744 S.W.2d 514, 516–17 (Mo.App. W.D.1988)).

In this case, there was no petition filed prior to the hearing to determine whether Myles needed a guardian and conservator. The probate court, upon its own motion, held a hearing to determine whether Myles was in need of a guardian and conservator. Myles did not meet with an appointed attorney prior to the hearing pursuant to Section 475.075.3.

The hearing conducted by the probate court was a bench trial. Section 475.075.8 "requires that the right to a jury trial be waived affirmatively, on the record, and in a fashion similar to waiver under Criminal Rule 27.01." *Link*, 713 S.W.2d at 495. This Court was unable to locate any waiver of a jury trial in the record.[3]

Additionally, from this Court's review of the transcript on appeal, Myles was not present for the entire hearing, did not present any evidence on his behalf, and was unable to cross-examine witnesses due to his absence. Section 475.075.8

> requires that an alleged incompetent's presence at the hearing must also be waived affirmatively.... [T]he waiver must be made on the record and must also indicate whether the right to be present has been waived because the person is mentally or physically incapable of attending, or whether the right has been waived for some other reason directly related to the individual's best interest.

*Link*, 713 S.W.2d at 495. This Court was unable to locate any affirmative waiver by Myles of his right to be present at his

hearing and the reason for his failure to be at the entire hearing.

It is clear in this case, the procedures set forth in Section 475.075 were not followed. The probate court acted in excess of its authority to determine the disability or incapacity of Myles. Further, the single question to Eeftink regarding her opinion as to Myles' capacity does not constitute clear and convincing evidence of incapacity or disability. Accordingly, the probate court's order appointing a guardian and conservator for Myles is reversed, and the matter is remanded with instructions that the cause be dismissed for lack of jurisdiction. Since the judgment and proceedings below are void, the dismissal is without prejudice.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

**3.** The respondent in this matter chose not to file a brief. Failure to file a brief with this Court requires this Court to adjudicate an appellant's claim of error without benefit of any written or oral argument a respondent might have presented.