

# In the Missouri Court of Appeals
# Eastern District

**WRIT DIVISION I**

| | | |
|---|---|---|
| THEA MARIE BORN, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | NO: ED102255 |
| vs. | ) | |
| | ) | Circuit Court of St. Charles County |
| HONORABLE JOHN "JACK" BANAS, | ) | Circuit Court No. 1411-PR00856 |
| ASSOCIATE CIRCUIT COURT JUDGE, | ) | |
| DIVISION 3, 11TH JUDICIAL CIRCUIT, | ) | |
| SAINT CHARLES COUNTY, MISSOURI, | ) | Filed: December 16, 2014 |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

Thea Marie Born filed a Writ of Prohibition, seeking to prohibit Respondent, The

Honorable John Banas of the Eleventh Judicial Circuit, from enforcing the order and judgment of

October 16, 2014 appointing Deborah Lanham, the public administrator of St. Charles County,

as Born's temporary guardian and conservator ad litem. Born alleges that Respondent erred by

entering an order granting Lanham temporary guardianship and conservatorship, despite a lack

of personal service on Born and in the absence of a hearing. On November 20, 2014, we issued a

preliminary order, directing Respondent to file an Answer on or before November 24, 2014. No

answer was filed and Respondent is now in default.

On November 24, 2014, in the interests of justice and as permitted by Rule 84.24(j), we

dispensed with further briefing and oral argument and issued a permanent writ of prohibition

1

directing Respondent to set aside the Order and Judgment of October 16, 2014. This opinion explains the reasons for our issuance of the writ of prohibition.

BACKGROUND

On October 14, 2014, Karen Klearman Miller of the Missouri Department of Health and Senior Services (the "Department"), filed a petition with the circuit court of St. Charles County, probate division, requesting the appointment of a permanent guardian and conservator ad litem for Born. The petition alleges that due to various medical conditions, Born is unable, among other things, to meet her "essential daily needs of living and/or to manage her financial resources without supervision, and there are no less intrusive alternatives available to provide for [Born]'s care than the appointment of a guardian and conservator." The petition further requests the appointment of Deborah Lanham, Public Administrator of St. Charles County, to serve as Born's permanent guardian and conservator.

On October 15, 2014, the trial court issued an order setting the Department's petition for appointment of a permanent guardian and conservator for hearing on November 7, 2014.[1] The court also mailed a copy of this notice to Born.

The next day, October 16, 2014, the Department filed an "Emergency Petition for Appointment of Ad Litem Guardian and Ad Litem Conservator." In this second petition, the Department requested the emergency appointment of an ad litem guardian and conservator based on the same grounds previously alleged in its earlier petition. That same day, the trial court granted the Department's emergency petition and appointed Deborah Lanham as "Guardian and/or Conservator Ad Litem" of Born, "to take the care and custody of the respondent and the care and custody of the property of the respondent for the period of time preceding the hearing on the Petition for Appointment of a permanent Guardian and/or Conservator . . . ." The trial

_____

[1] On the date of the hearing the matter was continued by consent of both parties to December 5, 2014.

2

court record is devoid of evidence that Born was ever personally served with a notice of a hearing on this matter, or that a hearing was held concerning the Department's emergency petition, before Respondent granted the order. Thereafter, with respect to the October 16, 2014 order, Born petitioned this Court to set aside the order and prohibit Respondent from enforcing it. We granted Born's request for a writ of prohibition on November 24, 2014.

## DISCUSSION

In her threshold argument, Born contends that the trial court may not exercise personal jurisdiction over her because she was not personally served with notice of the emergency petition, before the court appointed an ad litem guardian and conservator. She asserts that absent personal service upon her, the trial court's emergency order of October 16, 2014, appointing an ad litem guardian and conservator, is void and unenforceable for lack of personal jurisdiction. We agree.

"Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." State ex rel. Kemper v. Cundiff, 195 S.W.3d 445, 447 (Mo. App. E.D. 2006) (quoting State ex rel. Joyce v. Baker, 141 S.W.3d 495, 496 (Mo. App. E.D. 2004)). Prohibition is appropriate where the lower court lacks personal jurisdiction over a party to the proceedings. State ex rel. Specialized Transp., Inc. v. Dowd, 265 S.W.3d 858, 861 (Mo. App. E.D. 2008).

"The power to appoint guardians is purely statutory. It must be exercised in the manner prescribed, and the application must be made in accordance with the statutes." Scott v. Scott, 882 S.W.2d 295, 297 (Mo. App. E.D. 1994) (quoting In re Dugan, 309 S.W.2d 145, 148 (Mo. App. 1957)). Under section 475.075, R.S.Mo. (2000), the court may appoint a temporary guardian or conservator ad litem under emergency circumstances, if the respondent has been personally served with a copy of the petition and written notice stating the time and place the matter will be heard by the court. §§ 475.075.2, 475.075.11; Scott, 882 S.W.2d at 298 (holding the trial court

3

never acquired jurisdiction over the respondent due to a lack of personal service). Personal service of the petition and notice to the alleged incompetent is mandatory under the guidelines set forth in section 475.075. In re Myles, 273 S.W.3d 83, 85 (Mo. App. E.D. 2008) (citing Scott, 882 S.W.2d at 297); Werner v. Wright, 737 S.W.2d 761, 764 (Mo. App. W.D. 1987). "Where there is no service whatever, the court acquires no jurisdiction, and its judgment is void." Scott, 882 S.W.2d at 297.

Here, because there is no record that Born was ever personally served with notice of the Department's application for the emergency appointment of a guardian and conservator ad litem, the trial court never obtained personal jurisdiction over her. Accordingly, the trial court's order and judgment of October 16, 2014 is void for lack of personal jurisdiction.

CONCLUSION

Having issued a permanent writ of prohibition, we reverse and set aside the trial court's order and judgment of October 16, 2014 appointing Deborah Lanham as Born's guardian and conservator ad litem.

_____
Lisa S. Van Amburg, Judge

Glenn A. Norton, J. and
Kurt S. Odenwald, J. concur.

4