STATE of Missouri, ex rel. Gary
Dean OTT, Relator,

v.

Honorable Donald E. BONACKER, Judge
of the Circuit Court of Greene County,
Missouri, Division III, Respondent.

No. 16617.

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1990.

Fred Charles Moon, Springfield, for relator.

Donald L. Sanders, Springfield, for respondent.

SHRUM, Judge.

### ORIGINAL PROCEEDING IN PROHIBITION

### PRELIMINARY ORDER MADE ABSOLUTE; REMANDED WITH DIRECTIONS

This original proceeding in prohibition is brought by Gary Dean Ott, relator (hereinafter referred to as "Ott"), seeking a writ barring respondent, a judge of the Circuit Court of Greene County (hereinafter referred to as "trial judge"), from taking any further action in a dissolution case [1] pending in the Greene County Circuit Court, other than to sustain the application of Gary Dean Ott for change of judge.

The dissolution case was filed by Lisa Jan Ott on April 13, 1988, and relator filed a waiver of service and entry of appearance in the dissolution case on April 14, 1988. On May 11, 1988, Ott filed a motion to dismiss his wife's dissolution petition. The dissolution case lay dormant, with no further pleading filed, until October 6, 1989. On that date, Ott filed an application for change of judge and notice of hearing of his application for October 19, 1989. On October 11, 1989, petitioner, Lisa Jan Ott, filed a notice calling up Ott's motion to dismiss the petition, to be heard on October 16, 1989. The trial judge, on October 16, 1989, made the following orders: "Respondent's Request for Change of Judge denied

---

1. Relator Gary Dean Ott is named as respondent in a suit for dissolution of marriage, *Lisa Jan* *Ott v. Gary Dean Ott*, Greene County Circuit Court, Case No. CV188–689–DR–3.

as untimely. Respondent's Motion to Dismiss is overruled. 20 days to plead."

Ott filed his petition for writ of prohibition with this court on October 20, 1989, and a preliminary order in prohibition was issued to the trial judge on November 1, 1989. An answer and brief were filed by the trial judge.

█ Ott and the trial judge agree that prohibition is available as an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction. *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986); *State ex rel. Ford Motor Co. v. Hess*, 738 S.W.2d 147, 148 (Mo.App. 1987). The issue is whether Ott's application to disqualify the trial judge was timely, in which event the preliminary writ in prohibition should be made absolute, or whether Ott's application was untimely and the preliminary writ should be dismissed.

Ott's contention is that his application for change of judge was timely because such application was filed before the trial judge ruled upon the motion to dismiss. Ott relies upon Rule 55.25(c), which he claims altered the time fixed for filing an answer from 30 days, as provided in Rule 55.25(a), to a time not less than 10 days after denial of Ott's motion to dismiss. Accordingly, Ott claims the trial judge lacked authority to take any further action in the underlying case other than to grant the change of judge pursuant to Rule 51.05.

The trial judge's position is that the intervening filing, by Ott, of a motion to dismiss pursuant to Rule 55.27, did not alter or extend the time for filing a timely application for change of judge. Thus, the trial judge maintains that for an application under Rule 51.05 to be timely, it must be filed within 60 days[2] after service of the summons and petition upon Ott despite the fact that intervening motions might extend the time for filing of an answer past the initial 30–day answer time required by Rule 55.25.

The portions of the rules[3] pertinent to the issues in this case are as follows:

Rule 51.05

(a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party. . . .

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due. If the trial judge is not designated at the time the answer is due, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. . . .

(e) Upon the presentation of a timely application for change of judge, the judge shall promptly sustain the application. . . .

Rule 55.27 authorizes the filing of a motion to dismiss before filing of an answer.[4] Finally, Rules 55.25(a) and (c), as in force in 1989, read in part as follows:

(a) **Answer—When Filed.** A defendant shall file his answer within thirty days after the service of the summons and petition upon him, except where service by mail is had. . . .

(c) **Effect of Filing Motions on Time to Plead.** The filing of any motion provided for in Rule 55.27 *alters the time fixed for filing any required responsive pleadings* as follows unless a different time is fixed by order of the court: If the court denies the motion or postpones its disposition until the trial on the merits, the responsive

---

**2.** Sixty days being 30 days in which to answer (Rule 55.25(a) plus 30 days to seek change of judge (Rule 51.05).

**3.** Rule references are to Missouri Rules of Civil Procedure (20th ed. 1989), except where otherwise indicated.

**4.** Rule 55.27 states:
 "(a) Every defense . . . to a claim in any pleading . . . shall be asserted in the respon-

sive pleading . . . except that the following defenses may at the option of the pleader be made by motion: . . .
 (6) failure to state a claim upon which relief can be granted, . . .
A motion making any of these defenses shall be made within the time allowed for responding to the opposing party's pleading. . . ."

pleading shall be filed within ten days after notice of the court's action.... (Emphasis added.)

■■■ Essential to a resolution of the issue in this case is a determination of what was intended by the term "thirty days after the answer is due," as that term is used in Rule 51.05(b). In one form or another, almost every rule of construction for statutes finds application in the interpretation of the Rules of Civil Practice. 3A Sutherland Stat. Const. § 67.10 (4th ed. 1986). In interpreting the rules of the Supreme Court, the appellate courts of this state use the same rules that guide courts in the construction of statutes. *State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 857 (Mo.App.1988). For example, it has long been held that an interpretation of Rule 51.05 should be consistent with a literal reading of the rule; a liberal construction of the rule; and interpretation should be consistent with the preservation of both fairness and the appearance of fairness for the litigants. *State ex rel. Ford Motor Co., supra* at 148–149. It must also be kept in mind that the power to disqualify a judge is a privilege, *In re Marriage of Frankel,* 550 S.W.2d 896, 898 (Mo.App. 1977), and that the privilege may not be used to achieve irrational ends. *Hodges v. Oberdorfer Motors, Inc.* 634 S.W.2d 205, 207 (Mo.App.1982); *Natural Bridge v. St. Louis County Water Co.,* 563 S.W.2d 522, 525 (Mo.App.1978).

Other rules of construction, which have applicability here, include the presumption that the enacting body (here the Supreme Court) acted with full awareness and complete knowledge of the present state of the law (or the present state of its rules) when it amended Rule 51.05 in 1987. *State v. Rumble,* 680 S.W.2d 939, 942 (Mo.1984). In construing a statute, a fundamental precept is that the legislature acted with knowledge of the subject matter and the existing law, *Holt v. Burlington Northern R. Co.,* 685 S.W.2d 851, 857 (Mo.App.1984), and the same fundamental precept applies to interpretation of the Rules of Civil Procedure promulgated by the Missouri Supreme Court.

Rule 51.05, as amended in 1987, represents a substantial departure from prior law and restricts a party's right to request a change of judge, so that request must be made within 30 days of the date that *the answer is due,* if a trial judge has been designated, or within 30 days of receipt of notice of a trial judge's assignment to the case (unless that assignment occurs less than 30 days before trial). 15 Mo.Prac., Civil Rules Practice, 1990 Pocket Part, Authors Commentary, Page 20.

When the Supreme Court amended Rule 51.05 in 1987 and used the phrase "within thirty days after the *answer is due,*" it was used as a phrase which was a well recognized and long established part of the civil rules. Rules 55.25(a) and (c) have been in existence, without material change (insofar as pertinent in this case), for many years prior to the 1987 amendment of Rule 51.-05(b). Rule 55.25(a) describes when an *answer is due* and Rule 55.25(c) provides that filing of Rule 55.27 motions may *alter when an answer is due.* When the Supreme Court amended Rule 51.05 in 1987, it must be presumed to have been fully cognizant of Rules 55.25(a) and (c), and the provisions contained therein, which provided when an *answer is due* and how the time when an *answer is due* would be altered if Rule 55.27 motions were filed.

Rule 51.05 was again amended by Supreme Court order, issued in June 1989, effective January 1, 1990, to provide that in those instances where no answer is required to be filed, the application must be filed no later than 30 days after the filing of the civil action.[5] The 1990 amendment

---

5. Rule 51.05(b):

"The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due. *If no answer is required to be filed, the application must be filed no later than thirty days after the filing of the civil* action. If the trial judge is not designed at the time the answer is due *or, if no answer is due, within thirty days after the filing of the civil action,* the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or

occurred after a series of appellate court decisions had expanded the time in which litigants could disqualify a judge where no answer was due.[6] No amendment was made in 1990 to the portion of Rule 51.05(b) which provided that an application for change of judge must be made within 30 days after the *answer is due* if the trial judge is designated at the time the answer is due. This court must again assume that the Supreme Court was well aware of Rule 55.25(a), which established when an answer was due, and was aware of Rule 55.25(c), which could result in extending the time when an answer is due.

 This court finds that a literal, liberal, and fair reading and interpretation of Rule 51.05(b) resulted in affording Ott 60 days after service of process in which to file a motion for change of judge had he not filed a Rule 55.27 motion. Having filed a Rule 55.27 motion, Ott had 40 days, after he was given notice of the trial court's ruling on his motion, in which to file a motion for change of judge. Ott filed his motion for change of judge before his Rule 55.27 motion was ruled by the trial court. Ott's motion was timely. Therefore, the trial judge had no discretion but to grant the timely request for change of judge. *West v. Moran,* 586 S.W.2d 68, 70 (Mo.App. 1979). The motion to dismiss had not been submitted to the trial judge at the time the motion for change of judge was filed. The trial court, therefore, exceeded its jurisdiction by dismissing Ott's motion to dismiss. *State ex rel. Carver v. Whipple,* 608 S.W.2d 410, 412 (Mo. banc 1980); *Brown v. Brown,* 723 S.W.2d 93, 94 (Mo.App.1987).

For the reasons set forth herein, this court's order in prohibition of November 1, 1989, is made absolute. The trial judge is prohibited from taking any further action in the underlying case, except the action specified in Rule 51.05(e). The cause is remanded with directions to reinstate Ott's motion to dismiss inasmuch as the trial

judge was without jurisdiction to overrule the motion.

HOGAN, C.J., and FLANIGAN, P.J., concur.

---

their attorneys...." (The underlined portion represents the 1990 amendments to the rule.)

6. See, e.g., *DeBold v. State,* 772 S.W.2d 29, 30 (Mo.App.1989); *State ex rel. King v. Huesemann,* 776 S.W.2d 488, 491 (Mo.App.1989).