Walter BREAZEALE, Appellant,

v.

Mike KEMNA, et al., Respondents.

No. WD 46212.

Missouri Court of Appeals,
Western District.

June 1, 1993.

Walter Breazeale, pro se.

John R. Shank, Jr., Kevin L. Walden, Gunn, Shank & Stover, P.C., Kansas City, for respondents.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

PER CURIAM:

This appeal concerns the dismissal of a civil action without granting a pending application for change of judge pursuant to Rule 51.05. Whether Walter Breazeale's application for change of judge was timely filed is the dispositive issue. Finding that application to have been timely filed, this court reverses the judgment of dismissal and remands the cause with directions.

Walter Breazeale, an inmate, filed a petition to recover damages against Mike Kemna, superintendent of the Western Missouri Correctional Center, and other prison officials. The following chronology shows the context in which Mr. Breazeale sought a change of judge.

1-30-92 Defendant prison officials are served with process.

2–26–92 Defendant prison officials file motion to dismiss for failure to state a cause of action.

3–9–92 Plaintiff Breazeale files response to motion to dismiss.

3–11–92 Defendant prison officials file reply suggestions and notice of hearing on motion to dismiss.

3–30–92 *Plaintiff Breazeale files motion for change of venue and change of judge,* further suggestions in opposition to motion to dismiss, and two other motions.

4–9–92 Hearing on motion to dismiss is held. Defendant prison officials, through counsel, present argument. Judge Griffin dismisses the petition for failure to state a cause of action.

After dismissal, Judge Griffin issued no rulings on Mr. Breazeale's pending motions, including his application for change of judge.

■ Rule 51.05 offers a civil litigant a virtually unfettered right to disqualify a judge on one occasion. *State ex rel. Heistand v. McGuire,* 701 S.W.2d 419, 420 (Mo. banc 1985). Because that right is a keystone to our judicial system, our courts adhere to a liberal rule construing the right to disqualify. *State ex rel. Horton v. House,* 646 S.W.2d 91, 93 (Mo. banc 1983). Presentation of a timely-filed application requires the prompt change of judge. Rule 51.05(e); *In re Wheat,* 794 S.W.2d 710, 714 (Mo.App.1990).

■ The prison officials argue the untimeliness of Mr. Breazeale's application for change of judge because it was joined with what they contend was an untimely application for change of venue. In support, the prison officials rely on the time provisions for change of venue in Rule 51.03(a). Nevertheless, a party may properly file a joint application for change of venue and change of judge. Rule 51.06(a). Upon presentation of the joint application, the judge must promptly sustain the application for change of judge, if timely; the judge must then transfer the case to another judge for consideration of the application for change of venue. Rule 51.06(b). A party submitting a joint application is entitled to an immediate change of judge, even if not entitled to change of venue. *Cf. Heistand,* 701 S.W.2d at 420 (where relator mistakenly designated his motion as a "change of venue" when relief sought was actually a change of judge, the respondent judge was not obliged to order a change of venue in response to assertions made in relator's motion but was required to order a change of judge).

Rule 51.05(b) sets the perimeters for timely applying for a change of judge. The time provisions of Rule 51.05(b) consist of four conditional sentences, which are separated below, and are numbered for clarity:

### 1st

The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due.

### 2nd

If no answer is required to be filed, the application must be filed no later than thirty days after the filing of the civil action.

### 3d

If the trial judge is not designated at the time the answer is due or, if no answer is due [1] within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys.

### 4th

If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

Determination of the timeliness of Mr. Breazeale's application requires examination of the provisions in each sentence of Rule 51.05(b). The time provision in the first sentence applies "if the trial judge is

---

1. The comma appearing in the official version has been omitted.

designated at the time the answer is due." Ascertaining when "the answer is due" in Rule 51.05(b) necessitates reference to Rule 55.25. *State ex rel. Ott v. Bonacker,* 791 S.W.2d 494, 497 (Mo.App.1990). Here, the prison officials initially filed a motion to dismiss, in lieu of an answer, as permitted by Rule 55.27(a). The filing of the motion to dismiss altered the usual thirty-day rule for determining when the answer is due. Rule 55.25(c). The altered due date under Rule 55.25(c) involves yet another condition: "[i]f the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be filed within ten days after notice of the court's action." That condition never materialized because the prison officials' motion to dismiss was granted, not denied or postponed. As a result, no answer became due, and determining whether "the trial judge [was] designated at the time the answer [was] due" is irrelevant. The first sentence of Rule 51.05(b) is accordingly inapplicable.

The time provisions in the second sentence do not apply. The condition of the second sentence of Rule 51.05(b) is fulfilled "[i]f no answer is required to be filed." Here, Mr. Breazeale's petition to recover damages in excess of $15,000 from each defendant was the type of civil action that ordinarily requires filing an answer within thirty days after service. Rules 55.01, .25(a).

"Designation of the trial judge" as provided in the third and fourth sentences of Rule 51.05(b) occurs upon the setting of a date for trial on the merits before a particular judge. *See Rohde v. TRW Real Estate Loan Servs., Inc.,* 836 S.W.2d 465, 469 (Mo.App.1991). Nothing in the circuit court file shows any designation of the trial judge before Judge Griffin dismissed the petition.

Consequently, the third sentence of Rule 51.05(b) applies here because "no answer [was] due within thirty days after the filing of the civil action." The application was required to "be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys." Although the condition was fulfilled, nothing occurred to trigger the running of the time limitation in the third sentence of Rule 51.05(b). The trial judge had not been designated; the parties had not been notified of the designation.

■ Mr. Breazeale's application for change of judge was timely and should have been granted upon presentation. A trial judge has no discretion but to grant a timely application for change of judge, except to rule on pre-trial motions which have already been submitted. *Brown v. Brown,* 723 S.W.2d 93, 94 (Mo.App.1987). Here, Mr. Breazeale filed his application for change of judge before the prison officials' motion to dismiss had been submitted for ruling. *But cf. Jenkins v. Andrews,* 526 S.W.2d 369, 373 (Mo.App.1975) (in which the trial court properly dismissed the petition *before* granting the application for change of judge because the motion to dismiss had been *submitted* at a hearing that *preceded* the application). Because Mr. Breazeale's application preceded actual submission of the motion to dismiss, Judge Griffin exceeded his jurisdiction in dismissing the petition. *Ott,* 791 S.W.2d at 497; *Natural Bridge Dev. Co. v. St. Louis County Water Co.,* 563 S.W.2d 522, 526 (Mo.App.1978).

The judgment of dismissal is reversed. The cause is remanded with directions to grant Mr. Breazeale's application for change of judge.