STATE of Missouri, Respondent,

v.

Lonnie L. RULO, Appellant.

No. ED 85391.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 18, 2005.

Steven A. Privette, Willow Springs, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan Joseph Buchheim, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Lonnie Rulo (Defendant) appeals from the judgment upon his convictions by a jury of one count of kidnapping, Section 565.110, RSMo 2000, one count of forcible rape, Section 566.030, RSMo 2000, and two

counts of armed criminal action, Section 571.015, RSMo 2000. Defendant received a fifteen-year imprisonment sentence on the kidnapping count and life imprisonment sentences on the three remaining counts with all sentences to run consecutively. We reverse and remand for a new trial.

Because we find Defendant's first point on appeal dispositive, we address only those facts necessary for that point. In that point, Defendant contends the trial court erred in overruling his motion for change of judge. On November 3, 2003, Judge Sandra Martinez sitting in Division One of the Twenty–Fourth Judicial Circuit was assigned to preside over the arraignment scheduled for December 1, 2003 in Washington County, Missouri.[1] On December 1, 2003, Defendant waived his formal arraignment and the case was passed until January 5, 2004 for filing of any and all pre-trial motions. On December 3, 2003, Defendant filed a motion for change of judge and change of venue pursuant to Rule 32.08.[2] On January 5, 2004, Judge

Martinez overruled Defendant's motion for change of judge because the motion was "not in proper form as it does not specify which judge to disqualify." Thereafter, on January 5, 2004, Defendant filed a new motion for change of judge and change of venue. The motion specifically named Judge Martinez as the judge to be disqualified. On February 2, 2004, Judge Martinez denied the motion for change of judge as untimely, but granted Defendant's motion for change of venue to Madison County, Missouri, where she would continue to preside over the case. She then set Defendant's case for trial in May 2004 before her division.

Rule 32.07 provides, in pertinent part:

(a) Except as provided in Rule 32.06, a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be

---

**1.** The Twenty–Fourth Judicial Circuit consists of Madison, St. Francois, Ste. Genevieve, and Washington Counties. The Twenty–Fourth Judicial Circuit is comprised of two circuit judges, Judge Sandra Martinez and Judge Kenneth Pratte, and five associate circuit judges. Judge Kenneth Pratte is the presiding judge of the Twenty–Fourth Judicial Circuit.

**2.** Rule 32.08 provides, in pertinent part:
(a) If a party requests and obtains either a change of venue or a change of judge, except a change of judge pursuant to Rule 32.06, that party shall not be granted any additional change thereafter except as provided in Rule 32.09(c) or Rule 32.10. A defendant who desires both a change of venue and a change of judge, except a change of judge pursuant to Rule 32.06, must join both requests in a single application.
(b) A copy of the application and notice of the time when it will be presented to the court shall be served on all parties.

(c) Upon the timely presentation of an application requesting a change of judge and a change of venue and if no such application has previously been made by the requesting party, the judge promptly shall sustain the application for change of judge and transfer the case in accordance with the procedures of Rule 32.07(d).
(d) The newly assigned judge shall determine the request for change of venue. If the change of venue is a matter of right, the assigned judge may order the change of venue without the judge's appearance in the county from which the change is taken after giving all parties an opportunity to make suggestions as to where the case should be sent.
(e) If the application for change of venue is granted, the judge shall order the change of venue. If the change of venue is denied or if the change of venue is to another county in the same circuit, the newly assigned judge shall continue to be the judge in the criminal proceeding

verified and may be signed by any party or an attorney for any party.

(b) In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. If the designation of the trial judge occurs more than ten days after the initial plea is entered, the application shall be filed within ten days of the designation of the trial judge or prior to commencement of any proceeding on the record, whichever is earlier.

(c) A copy of the application and a notice of the time when it will be presented to the court shall be served on all parties.

(d) Upon the presentation of a timely application for change of judge, the judge promptly shall sustain the application.

■ In criminal and civil cases, the right to disqualify a judge is "one of the keystones of our legal administrative edifice." *State v. Cella,* 976 S.W.2d 543, 550 (Mo.App. E.D.1998) (*quoting State ex rel. Mountjoy v. Bonacker,* 831 S.W.2d 241, 244 (Mo.App. S.D.1992)). Statutes and rules are liberally construed in favor of the right to disqualify. *Cella,* 976 S.W.2d at 550. The right to disqualify a judge has been described as virtually unfettered. *Id.* Therefore, if a request for trial judge disqualification is in proper order, the trial judge's duty is to sustain it. *Id.*

■ Judge Martinez denied Defendant's motion, because it failed to specify which judge was to be disqualified. Defendant maintains his motion for change of judge was timely and there is no requirement for the specific denomination of the name of the trial judge sought to be disqualified. In response, the State concedes that there is no requirement that a motion for change of judge specifically name the trial judge to be disqualified. Indeed, the State acknowledges in its brief that, "Because

Judge Martinez presided over the entry of [Defendant's] plea, one might presume that [Defendant's] intent in filing the application just two days later was to disqualify Judge Martinez." We agree that there is no requirement in the rule that the motion must specify by name the judge that is to be disqualified. Undeniably, the committee note to Rule 32.07 advises that an application is sufficient if it simply contains: (1) the caption of the case, (2) the phrase "___ requests a change of judge," and (3) the party's or the attorney's signature. In considering this change of judge motion in the Twenty–Fourth Judicial Circuit where there are only two circuit judges, it is even more evident the motion filed before Judge Martinez intended to disqualify her from the case.

■ However, the State asserts that Defendant's motion for change of judge filed on December 3, 2003 was untimely, and thus Judge Martinez's denial of it was proper. In reaching this conclusion, the State interprets Rule 32.07(b) to require that if the trial judge is not designated when the initial plea is taken, then an application for change of judge is only timely if filed not later than ten days after the trial judge is ultimately designated. Thus, the State argues because Judge Martinez had not been officially designated as the trial judge when Defendant appeared to waive arraignment and enter his plea on December 1, 2003, then his application for change of judge filed two days later was untimely. The State contends Judge Martinez was not designated the trial judge until the case was set for trial during the February 2, 2004 hearing citing to *Breazeale v. Kemna,* 854 S.W.2d 631, 633 (Mo.App. W.D.1993), which found, construing Rule 51.05, the designation of the trial judge occurs upon the setting of a date for trial on the merits before a particular judge.

Rule 32.07(b) requires that the application for change of judge be filed within ten days after the initial plea.[3] Defendant's motion for change of judge was filed two days after Defendant entered his initial plea of not guilty, and was timely under the rule. However, even if Defendant's motion was premature, because Judge Martinez had not been officially designated as the trial judge, the change of judge motion was timely and should have been granted.

In *State ex rel. Walters v. Schaeperkoetter*, 22 S.W.3d 740, 743 (Mo.App. E.D. 2000), the court held that despite the fact that a trial judge had not yet been designated, a motion for change of judge under Rule 51.05, the civil change of judge rule, was not premature and the presiding judge should have disqualified himself. In *Walters*, the respondent argues that the motion for change of judge was premature because a trial judge had not been designated. *Id.* at 743. The court noted that although a trial judge had not been designated, the rule contemplates that there may never be such a designation and that the presiding judge may retain jurisdiction over a case for an extended period of time, even through final judgment. *Id.* Thus, a party can seek disqualification of a presiding judge or the judge handling administrative control of a case under the rules. *Id.*

Similarly here, Judge Martinez was assigned to handle Defendant's arraignment proceedings and all pretrial motions, and ultimately assigned the case to herself to be heard in her division. Defendant filed a timely motion for change of judge to have Judge Martinez disqualified from hearing any matters in his case. As in *Walters*, Judge Martinez's only option was to sustain the application for the change of judge.

Because Judge Martinez had a duty to sustain Defendant's timely motion, she erred in failing to disqualify herself. Therefore, she was without jurisdiction to proceed further other than to transfer the case. *Cella*, 976 S.W.2d at 553. In light of our disposition of this point, we need not address Defendant's remaining ten points on appeal. The judgment of conviction is reversed and the cause is remanded for a new trial.

Judgment reversed and remanded.

NANNETTE A. BAKER, P.J., and SHERRI B. SULLIVAN, J., concur.

---

**3.** The 1993 amendment of this rule rewrote subsection (b) and deleted subsection (c). Prior to the amendment, former subsections (b) and (c) provided:

(b) In misdemeanor cases the application must be filed not later than ten days before the date set for trial. If the designation of the trial judge occurs less than ten days before trial, the application may be filed anytime prior to trial.

(c) In felony cases the application must be filed not later than thirty days after arraignment if the trial judge is designated at arraignment. If the trial judge is not designated at arraignment, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

Under the previous version of the rule, there was specific mention of trial judge designation at arraignment that is not included in the current version of the rule.