STATE of Missouri ex rel. Donna
Susette RIGGLEMAN,
Relator,

v.

Honorable Joseph R. BRISCOE,
Circuit Judge of St. Charles
County, Respondent.

No. ED 88614.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Oct. 10, 2006.

Benicia Baker–Livorsi, The Family Law
Group LLC, St. Charles, MO, for relator.

Joseph Porzenski, Eisenstein & Porzenski, St. Charles, MO, for respondent.

Kevin L. Wibbenmeyer, St. Charles,
MO, Guardian Ad Litem.

KATHIANNE KNAUP CRANE,
Presiding Judge.

Relator, Donna Riggleman, filed a petition for a writ of prohibition to order respondent, the Honorable Joseph R. Briscoe, presiding judge of the Eleventh Judicial Circuit, from taking any action in Case No. 0611–FCO2425 except to grant relator's timely application for a change of judge pursuant to Rule 51.05. Preliminary order made absolute.

On August 11, 2006, relator's husband filed a petition for dissolution of marriage, a motion for a temporary restraining order, and a motion for a preliminary injunction in Case No. 0611–FCO2425. Respondent issued a temporary restraining order that day. Relator was not served prior to the ten-day expiration period, and on August 21, 2006, respondent issued another temporary restraining and show cause order to appear on August 31, 2006. For the purposes of this proceeding, relator was served on August 28, 2006.[1] On August 31, 2006, relator filed a written motion for change of judge pursuant to Rule 51.05, which respondent denied.

Relator subsequently filed a petition for writ of prohibition with this court. We issued a preliminary order of prohibition, ordering respondent to file his answer and suggestions in opposition to the petition for a writ of prohibition by September 18, 2006, and to refrain from all action in the

---

1. Relator is contesting the validity of the service in the trial court. We take no position on the merits of this issue.

premises until further notice. Respondent has failed to file a response or suggestions in opposition.

■ Rule 51.05(a) requires a change of judge without cause in any civil action upon the "timely filing of a written application."

> The application must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.

Rule 51.05(b). Here, relator filed a written application for a change of judge three days after service. As long as the filing of an application under Rule 51.05 is proper and timely, a trial court has no jurisdiction to do anything except to grant the application and transfer the cause. *State ex rel. Cohen v. Riley*, 994 S.W.2d 546, 547 (Mo. banc 1999); Rule 51.05(e).

Respondent's failure to file an answer to our preliminary writ of prohibition has placed him in default. *See Hill v. Kendrick*, 192 S.W.3d 719, 720 (Mo.App. E.D. 2006). We direct respondent to take no further action in Case No. 0611–FC02425 except to grant relator's application for change of judge in accord with Rule 51.05(e) and to take any action that may be required of him under Rule 51.05(e)(2) to transfer the cause.

The Order in Prohibition is made absolute.

NANNETTE A. BAKER, J. and LAWRENCE E. MOONEY, J., concur.