**Vance W. COVER, et al., Respondents,**

v.

**James L. ROBINSON, et al., Appellant,**

**Kathleen L. Robinson, Defendant.**

**No. WD 66730.**

Missouri Court of Appeals,
Western District.

Feb. 27, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2007.

Application for Transfer Denied
June 26, 2007.

Elvin S. Douglas, Jr., Harrisonville, MO, for appellants.

Gary V. Cover, Clinton, MO, for respondents.

Before ULRICH, P.J., LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

### FACTS AND BACKGROUND

Defendant James Robinson ("Robinson") appeals from a judgment of the Circuit Court of Henry County. While the appeal is reversed and remanded because of lack of jurisdiction, a brief recitation of facts is in order.

Plaintiffs Gary, Vance, and Deanna Cover ("the Covers") were represented chiefly by Gary Cover with assistance from additional counsel. Robinson, his wife Kathleen Robinson, and the Covers were shareholders in Robco, Inc. ("Robco"), a corporation initially created in 1987 to own and operate a grocery store.[1] The parties never drafted a written agreement establishing each shareholder's duties, obligations, or rights. Robinson was the operator and manager of the corporation and the grocery store. In 1990, the corporation acquired the shopping center where the store was located and managed it as well. Robco owned and operated the grocery store from January 1988 through September 2003, when Robco sold the store.

On April 24, 2004, the Covers filed a Petition for Liquidation of the Corporation and later filed a First Amended Petition for Dissolution of the Corporation, Valuation and Apportionment of Assets and Reimbursement on Unauthorized Payment of Monies. The Circuit Judge of Henry County recused himself and a judicial transfer request was sent to the Missouri Supreme Court on December 23, 2003. On January 12, 2004, the Supreme Court filed a Judicial Transfer Order in the Henry County Circuit Court indicating that Judge Anderton would be transferred to preside over the case. Robinson filed a Motion for Change of Judge pursuant to Rule 51.05 on February 10, 2004, which the trial court denied as untimely. Robinson filed a Motion for Reconsideration of his Motion for Change of Judge on February 24, 2004, which the trial court also denied.

The trial court heard and tried the case on the 13th and 14th of October, 2005. At trial, the parties presented conflicting evidence regarding, *inter alia*, the management fee Robinson was due. The Covers argued at trial that Robinson's manage-

---

1. Ownership of Robco stock was divided thus: Gary Cover held 25%, Jim Robinson held 25%, Kathleen Robinson held 25%, Vance Cover held 12.5%, and Deanna Cover held 12.5%.

ment fee was fifty percent of the profits of the grocery store only, but Robinson claimed his management fee was fifty percent of Robco's total operating profits. Since there was no management agreement delineating the rights of the parties, the Covers and Robinson presented competing evidence regarding their oral agreement, course of conduct, accounting practices, and the like. The trial court entered judgment and findings on December 28, 2005, setting forth how the corporation's assets should be disposed of and how the proceeds should be distributed. The trial court found that the parties' oral agreement provided Robinson with a management fee of fifty percent of the total operating profits of Robco and that Robinson had been paid all management fees due to him from 1988 through 2002. The trial court further held that Robinson was entitled to a management fee of $85,409.00 for the period of January 1, 2003, through September 30, 2003, when the grocery store was sold and Robinson's primary management duties ended.

On appeal, Robinson raises four points—one jurisdictional, two regarding the sufficiency of the evidence supporting the trial court's decision concerning what monies were due Robinson, and one protesting Gary Cover's roles as plaintiff's counsel, plaintiff, and plaintiff's witness in this case. Because the jurisdictional issue raised by the circuit court's failure to honor Robinson's motion for change of judge is dispositive, this court need not analyze Robinson's arguments concerning the amount of money he was due or the potential ethical violation posed by Gary Cover's multiple roles in this matter.

## I. Trial Court Erred In Denying Robinson's Motion For Change Of Judge

Robinson argues that the trial court erroneously denied his application for change of judge under Rule 51.05 as untimely.

Rule 51.05 provides for an automatic change of judge when a litigant timely requests one. The rule provides a litigant with a "virtually unfettered" right to disqualify a judge on one occasion. *State ex rel. Heistand v. McGuire*, 701 S.W.2d 419, 420 (Mo. banc 1985). The right to disqualify a judge is a keystone of our judicial system, and, accordingly, courts construe the rule liberally. *Breazeale v. Kemna*, 854 S.W.2d 631, 632 (Mo.App.1993). When a party files a proper, timely application for change of judge, the trial court has no jurisdiction to do anything in the case other than grant the application. *Elrod v. Stewart*, 163 S.W.3d 587, 589 (Mo.App. 2005).

Under Rule 51.05(b), an application for change of judge must be filed within sixty days from service of process or within thirty days from the designation of the trial judge, whichever is longer. At issue here is the point at which Judge Anderton became "designated" as the trial judge within the meaning of Rule 51.05(b). Robinson argues that a judge is not "designated" under Rule 51.05(b) until "the setting of a date for trial on the merits before a particular judge." *Breazeale*, 854 at 631, 633. Therefore, Robinson claims, Judge Anderton was not designated until December 20, 2004, when Judge Anderton set the date for trial, so Robinson's February 10 motion to disqualify was timely. Conversely, the Covers argue that Judge Anderton was "designated" within the meaning of the rule on January 5, 2004, when the Chief Justice appointed him to preside over this case after Judge Roberts recused himself. Therefore, claim the Covers, the thirty-day deadline would have been February 5th, rendering Robinson's February 10th motion untimely.

Missouri case law is both scant and arguably inconsistent on when a judge becomes "designated" within the meaning of

Rule 51.05(b). Despite no clear mandate on this issue in this situation, this court, nonetheless, finds that Robinson's motion to disqualify Judge Anderton was timely filed and should have been honored. However, this court does not endorse Robinson's view that Judge Anderton was not "designated" until December 20, 2004—eleven months after the Chief Justice filed a judicial transfer order with the Circuit Court of Henry County. Such a view encourages litigants to wait until just before trial to file a motion for change of judge and needlessly delay proceedings. Likewise, this court does not endorse the Covers' view that Judge Anderton was "designated" when the Chief Justice signed the judicial transfer order on January 5, 2004. The judicial transfer order was not filed with the circuit court until January 12, 2004, so in effect the Covers are arguing that Rule 51.05(b) affords Robinson a twenty-three day period in which he can file a motion for change of judge. The inequity of this result is apparent. Under the Covers' view, if the Chief Justice had signed the order on January 5th but not mailed it to the circuit court until February 5th, Robinson would in effect not be entitled to *any* period in which he could file a motion for change of judge. Such a result is untenable and contrary to the spirit, and particularly, the intent of the rule.

Rather, the thirty-day period began when Chief Justice White's judicial transfer was *filed* in the Circuit Court of Henry County on January 12, 2004. Therefore, Robinson's February 10, 2004 motion for change of judge was timely, and Judge Anderton could take no action other than grant the motion.

\* \* \*

While the first issue is dispositive in this case, there is still the issue of whether it was proper for plaintiff Gary Cover to function as active attorney and trial counsel for the plaintiffs as well as testify on behalf of the corporation. Under Missouri Rule of Professional Conduct 4–3.7(a), "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless the testimony relates to uncontested issues, to the nature and value of legal services, or if disqualification would result in hardship on the client.

It would be premature for this court to address this issue on appeal. This court notes that this issue may arise at retrial and that a timely objection pursuant to Rule 4–3.7 may be proper.

REVERSED and REMANDED for trial before a different judge.

All concur.