**STATE of Missouri, Respondent,**

v.

**Harold R. FORD, Appellant.**

**No. ED 95804.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 25, 2011.

Craig A. Johnston, Columbia, MO, for appellant.

Chris Koster, Robert J. (Jeff) Bartholomew, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

Defendant, Harold R. Ford, appeals from the judgment of conviction and sentence entered after a jury found him guilty of two counts of murder in the first degree and two counts of armed criminal action. On appeal, defendant argues that the trial court erred in denying his motions for change of judge. We affirm.

### Background

On June 10, 2009, the State filed a criminal complaint that charged defendant with shooting and killing two individuals on March 23, 2009. On September 23, 2009, a grand jury indicted defendant for two

counts of murder in the first degree and two counts of armed criminal action. On September 30, 2009, defendant was arraigned by the Presiding Judge, John A. Ross, defendant pled not guilty, and Judge Ross assigned the case to "Division 20," Judge Colleen Dolan, "for hearing and determination." Judge Dolan scheduled a settlement conference for October 22, 2009. The conference was rescheduled to December 3, 2009, January 21, 2010, and March 4, 2010.

On March 4, 2010, defendant's counsel filed a "Motion for Recusal, or in the alternative, to Disqualify...." Judge Dolan denied this motion. On April 19, 2010, defendant's counsel filed an application for change of judge pursuant to Rule 32.07. The motion states that "[w]hile this application is out of time within the ten day limit, defendant asserts good cause for said application." Defendant also filed a pro se motion to disqualify.[1] On April 23, 2010, Judge Dolan held a hearing and denied defendant's counsel's application and defendant's pro se motion. The same day Judge Dolan set the case for trial on September 20, 2010.

The jury found defendant guilty of two counts of murder in the first degree and two counts of armed criminal action. The trial court sentenced defendant to concurrent terms of imprisonment of life without probation or parole for each murder conviction and thirty years for each armed criminal action conviction. Defendant appeals.

### Discussion

In his sole point on appeal, defendant argues that the trial court erred in denying his motions for change of judge under Rule 32.07. Defendant contends that his motions for change of judge were timely because the designation of the trial judge was not made until April 23, 2010, when Judge Dolan set the case for trial.

Rule 32.07 states in part:

(a) Except as provided in Rule 32.06, a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or an attorney for any party.

(b) In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. If the designation of the trial judge occurs more than ten days after the initial plea is entered, the application shall be filed within ten days of the designation of the trial judge or prior to commencement of any proceeding on the record, whichever is earlier.

■ Missouri courts liberally construe statutes and rules addressing disqualification in favor of the right to disqualify. *State ex rel. Kemper v. Cundiff,* 195 S.W.3d 445, 447 (Mo.App. E.D.2006); *State v. Rulo,* 173 S.W.3d 649, 651 (Mo.App. E.D.2005). A litigant's right to disqualify has been described as "virtually unfettered." *Id.* If the litigant's application for change of judge is in proper order, the judge has a duty to sustain the application.[2] Rule 32.07(d); *Kemper,* 195 S.W.3d at 447; *Rulo,* 173 S.W.3d at 651.

---

1. The copy of defendant's pro se motion does not have a file stamp but review of the record indicates that the motion was filed on April 19, 2010.

2. An application for change of judge is sufficient if it "contains: (1) the caption of the case, (2) the phrase '—— requests a change of judge,' and (3) the party's or the attorney's signature." *Rulo,* 173 S.W.3d at 651 (quoting Committee Note to Rule 32.07).

The parties disagree regarding the interpretation of Rule 32.07(b). Defendant argues that the "designation of the trial judge" did not occur until April 23, 2010, when Judge Dolan set the case for trial. In response, the State argues that the "designation of the trial judge" occurred when Judge Ross assigned the case to Judge Dolan on September 30, 2009.[3] Defendant admits if "[t]hat date is correct, then his change of judge was untimely since it was filed more than ten days after arraignment."

The interpretation of Missouri Supreme Court Rules is reviewed de novo. *Lorenzini v. Short*, 312 S.W.3d 467, 470 (Mo. App. E.D.2010). In interpreting Supreme Court Rules, we use similar principles to those for interpreting statutes. *Id.*; *Richter v. Union Pacific Railroad Co.*, 265 S.W.3d 294, 297 (Mo.App. E.D.2008). The intent of our Supreme Court is determined from the rule's language. *Id.* The words provided in the rule are given a plain and ordinary meaning. *Id.* "In absence of statutory definitions, we may derive the plain and ordinary meaning from a dictionary and by considering the context of the entire statute in which it appears." *Richter*, 265 S.W.3d at 297.

Designate is defined as, "to name for an office; appoint." Webster's New World College Dictionary (4th ed.2001). "[T]he word 'appoint' is defined in Webster's as 'designate, or place in office or post,' and the word 'appointment' is defined as 'designation of a person to perform a function.'" *Reichert v. Bd. of Education of St. Louis*, 217 S.W.3d 301, 307 (Mo. banc 2007) (quoting Webster's Third New International Dictionary, Unabridged, 1981).

Defendant is effectively asking this court to add language to Rule 32.07(b) that "designation of the trial judge" occurs when the judge sets the date for trial. But the language of the rule is not ambiguous. "We must give effect to the language of a statute as written and will not add words or requirements by implication where the statute is not ambiguous." *State ex rel. Cravens v. Nixon*, 234 S.W.3d 442, 447 (Mo.App. W.D.2007).

Further, adopting defendant's argument appears contrary to the purpose of the timing requirements for change of judge under Rule 32.07. The timing provisions of Rule 32.07 are "designed to avoid undue delay in the proceedings and permit the trial court to administer justice in an orderly fashion." *State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 245 (Mo.App. S.D.1992). A trial judge could be assigned a case and make rulings on numerous issues before the case was set for trial or commencement of a proceeding on the record. *See City of Kansas City v. Wiley*, 697 S.W.2d 240, 243 (Mo.App. W.D.1985). Here, Judge Dolan made several rulings on matters such as discovery between the time she was assigned the case, September 30, 2009, and the time she set the case for trial, April 23, 2010.

In addition, the Missouri Supreme Court has previously used the date when a trial setting is made to determine when a motion for change of judge should be filed. Rule 51.05 sets forth the procedure for change of judge in civil cases.[4] Prior to being amended in 1986, Rule 51.05(b) stated in part that "[t]he application must be filed at least thirty days before the trial date or **within five days after a trial**

---

3. Section 478.240.2 RSMo (2000) provides that the presiding judge of a circuit "shall have the authority to assign judges to hear such cases or classes of cases as the presiding judge may designate, and to assign judges to divisions."

4. The requirements for change of judge in Rules 32.07 and 51.05 "are parallel and contain nearly identical language." *State v. Cella*, 976 S.W.2d 543, 552 (Mo.App. E.D.1998).

**setting date has been made,** whichever is later. . . ." (Emphasis added). If the Missouri Supreme Court intended for "designation of the trial judge" to occur when the judge sets the date for trial, then the Court would have included this language. As previously discussed, we will not add words or requirements by implication when the language of the rule is not ambiguous. *State ex rel. Cravens,* 234 S.W.3d at 447 (interpreting statute).

In support of his argument, defendant relies on *Breazeale v. Kemna,* 854 S.W.2d 631 (Mo.App. W.D.1993). In that case, the appellate court considered the provisions of Rule 51.05(b). *Breazeale,* 854 S.W.2d at 632–33. The third and fourth sentences of Rule 51.05(b) then stated:

> If the trial judge is not designated at the time the answer is due or, if no answer is due within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

*Breazeale,* 854 S.W.2d at 632. The court held that, " 'Designation of the trial judge' as provided in the third and fourth sentences of Rule 51.05(b) occurs upon the setting of a date for trial on the merits before a particular judge." *Id.* at 633.

In a later case, *Cover v. Robinson,* 224 S.W.3d 36 (Mo.App. W.D.2007), the court rejected an argument based on *Breazeale.* On January 12, 2004, the Missouri Supreme Court filed a transfer order in circuit court providing that Judge Anderton would be transferred to preside over the case. *Cover,* 224 S.W.3d at 37. On December 20, 2004, Judge Anderton set the case for trial. *Id.* at 38–39. At issue on appeal was when Judge Anderton became

" 'designated' as the trial judge within the meaning of Rule 51.05(b)." *Id.* at 38. The court stated that "Robinson argues that a judge is not 'designated' under Rule 51.05(b) until 'the setting of a date for trial on the merits before a particular judge.' " *Id.* (citing *Breazeale,* 854 S.W.2d at 631, 633). *Id.* Therefore, Robinson contended that Judge Anderton was not designated until December 20, 2004, when he set the case for trial. *Id.* The appellate court noted that "Missouri case law is both scant and arguably inconsistent on when a judge becomes 'designated' within the meaning of Rule 51.05(b)." *Id.* at 38–39. The court did not "endorse Robinson's view that Judge Anderton was not 'designated' until December 20, 2004." *Id.* at 39. "Such a view encourages litigants to wait until just before trial to file a motion for change of judge and needlessly delay proceedings." *Id.* The court concluded that the timing for determining when the change of judge motion had to be filed began when the Supreme Court filed its transfer order in the circuit court. *Id.*

The holding in *Cover* is persuasive and applies to the present case. When Judge Ross assigned the case to Judge Dolan on September 30, 2009, this constituted a "designation of the trial judge" for purposes of Rule 32.07(b). Accordingly, the motions for change of judge filed more than five months later were untimely.

Judge Dolan did not abuse her discretion in denying the motions for change of judge. Defendant's point is denied.

### Conclusion

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.