

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| CHARLES K. MOORE, | ) | No. ED99603 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Hon. Sandra Martinez |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | April 22, 2014 |

Charles Moore ("Movant") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court clearly erred in denying his 29.15 motion for post-conviction relief because his trial counsel was ineffective for withdrawing a motion to change judge and for failing to file a change of judge for cause that Movant wished to be filed. We find the motion court's findings of fact and conclusions of law are clearly erroneous and remand for a hearing on Movant's claims.

Movant was charged with assault of a probation and parole officer in the second degree, Section 565.082, RSMo Cum. Supp. 2009. The evidence showed Movant purposely placed Lewis Helton, a probation and parole officer, in apprehension of immediate serious physical injury, by kicking a chair toward him and then walking toward him with a clenched fist. Movant was found guilty after a jury trial, and the court sentenced him as a persistent felony offender to a term of 15 years, consecutive to his

other sentences relating to a prior robbery. Movant's conviction was affirmed on direct appeal. State v. Moore, 362 S.W.3d 509, 510 (Mo. App. E.D. 2012).

Movant subsequently filed a Rule 29.15 motion for post-conviction relief. Counsel was appointed and an amended motion was filed.

In his amended motion, Movant claimed he told both attorneys representing him, Ms. Goodwin and Ms. Sanders, that he wanted a different judge at trial because Judge Martinez was involved in prosecuting his 1998 Washington County robbery case.[1] On September 3, 2010, Ms. Goodwin moved for a change of judge as of right under Rule 32.07, but at Movant's arraignment that same day, she withdrew the motion without explanation. When Ms. Sanders was Movant's counsel, she did not file a motion for change of judge. Thus, Movant alleged Ms. Goodwin and Ms. Sanders were ineffective because he told them he wanted a change of judge. Instead they filed and withdrew the motion for change of judge as of right pursuant to Rule 32.07, and they failed or refused to file a subsequent motion for change of judge alleging cause.

After denying an evidentiary hearing, the motion court issued findings of fact and conclusions of law. With respect to Movant's claim that his trial counsel was ineffective for filing, and then withdrawing, a motion to change judge, the motion court noted it asked Movant about his allegation that he wanted the judge disqualified at his sentencing. Defense counsel replied, stating that the motion for change of judge had been withdrawn. The motion court took judicial notice that the motion was withdrawn in the Movant's presence and with his "consent in open court." In addition, the motion court found Movant failed to show he was prejudiced by his counsel's failure to file a subsequent

---

[1] Movant asked the court to take judicial notice of the Washington County case CR1098-3FX.

motion for change of judge for cause. Thus, the motion court denied Movant's Rule 29.15 motion for post-conviction relief. This appeal follows.

Our review of a motion court's findings on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions are only clearly erroneous if, after reviewing the record, we are left with the firm and definite impression a mistake has been made. Jackson v. State, 205 S.W.3d 282, 284 (Mo. App. E.D. 2006).

To prevail on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was not prejudiced as a result. Spells v. State, 277 S.W.3d 343, 345-46 (Mo. App. W.D. 2009). Prejudice exists when there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. State v. Allen, 954 S.W.2d 414, 417 (Mo. App. E.D. 1997).

To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. State v. Berry, 798 S.W.2d 491, 496 (Mo. App. S.D. 1990) (citing Batson v. State, 774 S.W.2d 882, 885–86 (Mo. App. S.D. 1989)). Rule 29.15 encourages evidentiary hearings. Kyles v. State, 417 S.W.3d 873, 876-77 (Mo. App. E.D. 2014) (*citing* Wilkes v. State, 82 S.W.3d 925, 929

(Mo. banc 2002)). To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be specific enough to refute conclusively the Movant's allegations. Lomax v. State, 163 S.W.3d 561, 563 (Mo. App. E.D. 2005).

In his first point, Movant argues the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because he alleges he told his lawyers he wanted a change of judge and when counsel filed and then withdrew the motion, he was prejudiced. Movant alleges his trial counsel's ineffectiveness deprived him of his right to change judge, his right to persist in his plea of not guilty, his right to effective assistance of counsel, his right to fair trial and due process of law. We agree.

Rule 32.07 provides, in pertinent part: "[e]xcept as provided in Rule 32.06, a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefore by any party. The applicant need not allege or prove any reason for such change." Missouri courts liberally construe statutes and rules addressing disqualification in favor of the right to disqualify. State v. Ford, 351 S.W.3d 236, 237 (Mo. App. E.D. 2011). If the litigant's application for change of judge is in proper order, the judge has a duty to sustain the application. Id. In both criminal cases and civil actions, the right to disqualify a judge is "one of the keystones of our legal administrative edifice." State ex rel. Campbell v. Kohn, 606 S.W.2d 399, 401 (Mo. App. E.D. 1980). No system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced. State ex rel. Mountjoy v. Bonacker, 831 S.W.2d 241, 244 (Mo. App. S.D. 1992).

4

In this case, the record shows there was a motion for change of judge filed on September 3, 2010 by Ms. Goodwin. Then at the arraignment on the same day, the motion for change of judge was withdrawn.

The motion court noted the trial court asked Movant about his motion for change of judge at his sentencing, but it was his counsel, Ms. Sanders that "assert[ed] there had been a motion filed which was later withdrawn." The motion court then took judicial notice of its own file in the underlying criminal case and stated the motion to withdraw the change of judge was withdrawn in the Movant's presence and "with his consent" in open court on September 3, 2010. The record, however, does not indicate that Movant was even aware that the motion was withdrawn much less that it was done with his consent.

In the transcript, Ms. Sanders states Ms. Goodwin did an intake interview with Movant on September 3, 2010. Ms. Sanders testified the procedure during that interview is to ask the client whether they want to proceed with a change of judge because of the timeliness requirements for that motion. Ms. Sanders stated Ms. Goodwin indicated in the file that Movant did not request a change of judge; however, Ms. Goodwin's notes as to Movant's preferences regarding the change of judge are unclear on their face. The amended motion alleged that on the public defender intake form, Ms. Goodwin marked that Movant both requested and did not request a change of judge. A red line was drawn through those markings. Additionally, the word "no" was written next to Judge Martinez's name.

Rule 32.07(d) requires that upon the timely filing of a motion for change of judge "the judge promptly shall sustain the application." In the instant case, there is no dispute

5

that a motion for change of judge was timely filed. Had defense counsel not withdrawn the motion, Movant was entitled to, and would have had, a change of judge. Rule 32.07; State v. Rulo, 173 S.W.3d 649, 651-52 (Mo. App. E.D. 2005). As indicated above, the record is unclear regarding whether Movant consented to the withdrawal of the motion for change of judge. The motion court made a finding that he consented, but there is no evidence in the record to support that finding. Thus, we remand for an evidentiary hearing to determine the facts surrounding the withdrawn motion and Movant's request for a change of judge.

In his second point, Movant argues the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because he told his attorneys he wanted a change of judge motion due to the fact that Judge Martinez was involved in prosecuting him in 1998, but counsel withdrew one motion and no other motion for change of judge for cause was filed. Movant claims he was denied effective assistance of counsel and counsel's deficient performance prejudiced him. We agree.

Whether to file a motion to disqualify a judge is a matter of trial strategy. State v. Ayers, 911 S.W.2d 648, 652 (Mo. App. S.D. 1995). A movant must overcome the strong presumption defense counsel's conduct was reasonable and effective. McIntosh v. State, 413 S.W.3d 320, 324 (Mo. banc 2013).

The motion court found Movant's contention failed to allege prejudice sufficient to trigger relief. It held that simply because a trial judge may have received knowledge of facts through prior court hearings involving the defendant, the judge need not disqualify themselves for cause. The motion court also found in order to prevail on a claim that

counsel was ineffective for failing to request a change of judge, Movant must allege facts which would lead a reasonable person to believe the court was biased against him.

Movant's amended motion alleges defense counsel lacked a strategic purpose for withdrawing the motion, and then failed to file a motion for change of judge for cause. Movant claims Ms. Goodwin made the notations on the intake form regarding his preferences for a change of judge, but was not in court when the other motion was withdrawn and did not later file a motion for change of judge for cause.

Movant argues Judge Martinez was biased against him because of her involvement in prosecuting him in 1998. Movant contends a reasonable person would find an appearance of impropriety and doubt the impartiality of a judge who had prosecuted Movant in a separate case, and who sentenced him to the maximum 15-year term to run consecutively to a previously imposed sentence. The allegations also show Movant made it clear to his attorneys that he felt Judge Martinez would be biased against him. Movant made comments at sentencing to his attorney that he had been convicted of two robberies "here at this county" and Judge Martinez "was one of the prosecutors of [his] case back then, and that is why [he] did not want to be in front of [her]."[2]

Given the specific facts of this case, we find Movant has alleged sufficient facts to be entitled to an evidentiary hearing to determine whether his counsel was ineffective for withdrawing the timely motion for change of judge without Movant's consent, and for failing to file a motion for change of judge for cause. Thus, we remand for an evidentiary hearing before another judge for such a determination.

---

[2] We emphasize these are unproven allegations. This opinion is limited to whether Movant received ineffective assistance of counsel. We make no comments on whether once the facts are completely developed at the evidentiary hearing, Movant is entitled to relief.

7

Therefore, we find the motion court erred in denying Movant's motion for post-conviction relief without an evidentiary hearing.

The judgment of the motion court is reversed.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.