Nancy Steffen Rahmeyer, P.J.
Mackenzie Everett Speir ("Appellant") and Jessica Lynn Speir ("Respondent") were divorced by entry of a dissolution judgment in September 2013, with the Honorable Michael Dawson presiding. The dissolution docket notes that Judge Dawson was "No Longer in Office/Position" as of December 31, 2014, and the "Judge Jerry Rellihan [was] assigned to the case." Nothing was pending at that time. On September 28, 2016, three years after the dissolution was entered, Respondent filed a motion to modify the dissolution judgment. Appellant was served on October 5, 2016, with the modification summons.
Respondent also filed a Writ of Habeas Corpus on October 14, 2016, in the same case.[1] The hearing date was set for October 24, 2016, on the Writ of Habeas Corpus. Appellant was served on October 18, 2016, with the writ. Appellant's attorney appeared for the habeas corpus hearing on October 24 th and the docket reflects it was reset for the following day. On that same day, and just nineteen days after service on Appellant, Appellant filed a motion pursuant to Rule 51.05[2] for a change of judge. The motion was denied as "untimely." The transcript regarding the application for change of judge is set forth below:
THE COURT: [Appellant's attorney], you-yesterday afternoon at around 4:00, or whatever, 3:00, you filed a motion for change of judge pursuant to 51.05; is that correct?
[Appellant's attorney]: That's correct.
THE COURT: Let me hear your argument as to why you think it's timely.
[Appellant's attorney]: Well, Judge, I reviewed the rule, and to the best of my ability to determine, it's timely filed, and the rule provides upon the filing of a timely filed motion that this Court has no alternative but to sustain the motion.
THE COURT: And you filed this after we had an appearance and a hearing yesterday morning, correct?
[Appellant's attorney]: Well, I-
THE COURT: Correct?
[Appellant's attorney]: Yes.
THE COURT: Okay. So we had an appearance-You had an appearance yesterday morning before me, the trial judge, correct?
[Appellant's attorney]: That's-That's correct. That's correct.
*398 THE COURT: All right. Well, the way I read 51.05(b) is the application must be filed prior to any appearance before the trial judge. Which we had an appearance yesterday morning at 9:00. You didn't like a ruling I made, and so at 3:00, you filed a motion for change of judge; is that correct?
[Appellant's attorney]: Judge-Judge, the-
THE COURT: Is that correct?
[Appellant's attorney]: That's-That's correct, Judge.
THE COURT: All right.
[Appellant's attorney]: But I disagree with your interpretation of the rule.
THE COURT: And that's-You have that right and that prerogative.
[Appellant's attorney]: Yes.
THE COURT: But that's my ruling. If-Your ruling for a change of judge is that it is not timely and it is denied.
[Appellant's attorney]: Well, I would like-I'd like seven days so I can file an application for a writ.[3]
Appellant brings this appeal with his sole point being that the denial of his motion for change of judge was error as it was timely filed.[4] We agree.
We review the interpretation of the Supreme Court's rules de novo. State v. Ford , 351 S.W.3d 236, 238 (Mo.App. E.D. 2011). The Supreme Court's intent is determined from the rule's language, with words used given their plain, ordinary meaning. Id. If the application for the change of judge is proper and timely, the judge shall promptly grant the application and recuse him or herself. State ex rel. Riggleman v. Briscoe , 203 S.W.3d 239, 240 (Mo.App. E.D. 2006) ; see also Charron v. Mo. Bd. Of Probation & Parole , 373 S.W.3d 26, 29 (Mo.App. W.D. 2012) ("Once Charron's motion was timely filed, the originally assigned trial judge only possessed authority to rule upon any motions already submitted.... Here, then, the trial judge lacked authority to rule upon the Board's motion to dismiss, and the corresponding judgment ruled upon by the trial judge must be reversed; and upon remand, the only authority of the assigned trial judge is to sustain Charron's motion for change of judge-at which point further proceedings consistent with our ruling today should occur." (citation and footnote omitted) ). "A 'trial' within the meaning of Rule 51.05(b) means a full trial on the merits." State ex rel. Stockman v. Frawley , 470 S.W.3d 401, 404 (Mo.App. E.D. 2015). The trial court has no authority to act further in the case after the change of judge is filed except to grant the application. State ex rel. Cohen v. Riley , 994 S.W.2d 546, 547 (Mo. banc 1999).
The trial court interpreted Rule 51.05(b) to mean that an application for a change of judge must be filed prior to any appearance before the trial judge. The trial court is mistaken. We commence with Rule 51.05(b). Rule 51.05(b), regarding the procedure for change of judge, states:
(b) The application must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.
*399 Here, the trial judge was designated when the modification summons was issued. Therefore, Appellant was entitled to the longer 60-day period from service of process to file his application for change of judge. See Beckwith v. Giles , 32 S.W.3d 659, 662 (Mo.App. W.D. 2000). The trial court, however, based its decision on the second clause of the second sentence, completely omitting the conditional clause. There was no trial set for the modification at the time that the motion for change of judge was filed.[5] The condition precedent of the second sentence-that the trial judge be designated less than thirty days before trial-was not met, therefore, the subsequent clause regarding the application being filed prior to any appearance before the trial judge was not applicable. We must read the rule as it is written and has been interpreted by our courts. Ford , 351 S.W.3d at 238. It is the first sentence of Rule 51.05(b) that is apropos to this proceeding. The change of judge application had to be filed within sixty days from service of process or 30 days from the designation of the trial judge, whichever time is longer. Appellant filed the motion for change of judge within 19 days from the time he was served. The motion was timely. The trial court lacked authority to enter any of its rulings. The judgment is reversed and remanded to the trial court for proceedings as outlined by, and consistent with, our ruling today.
Jeffrey W. Bates, J.-Concurs
William W. Francis, Jr., J.-Concurs

Based on our review of the record, it is clear that Respondent filed her writ petition for the purpose of maintaining the status quo by enforcing Respondent's right to parenting time pursuant to the existing dissolution judgment. "Habeas corpus is the proper remedy to enforce that custody." In re Lechliter , 667 S.W.2d 722, 723 (Mo.App. E.D. 1984). It is well-settled, however, that a writ of habeas corpus "may not be used to interfere with the inherent right and jurisdiction of circuit courts to determine custody of minor children in dissolution cases of which they have proper jurisdiction, and in which they have exercised that jurisdiction by making a custody award of record." In re Cook , 691 S.W.2d 243, 245 (Mo. banc 1985).

All rule references are to Missouri Court Rules 2017, unless otherwise noted.

Appellant further brought this matter to the court's attention after the court entered judgment by a post-trial motion.

Respondent did not file a brief on appeal. There is no penalty for this failure, but it deprives us of the benefit of any argument she might have made. Simpson v. State Highway Patrol Criminal Records Repository , 522 S.W.3d 369, 370 n.2 (Mo.App. S.D. 2017).

Here, the relevant "trial" within the meaning of Rule 51.05(b) was the hearing on the merits of the motion to modify custody, not the writ petition. "The circuit court which granted the divorce decree retains jurisdiction of the minor child and is the proper forum to adjudicate fitness or custody." B.M.P. v. G.H.P. , 612 S.W.2d 843, 845 n.2 (Mo.App. E.D. 1981).